**Sidney and Ruth Nurenberg v. Mr. and Mrs. Joseph Corey**

[488 A.2d 440]

No. 84-100

Present: **Allen, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed January 18, 1985

*Sidney & Ruth Nurenberg*, pro se, Lyndonville, Plaintiffs-Appellees.

*Mr. & Mrs. Joseph Corey*, pro se, Orleans, Defendants-Appellants.

**Per Curiam.** Defendants appeal a default judgment, in the sum of $500.00 plus costs, rendered against them by the small claims court in an action commenced by the plaintiffs to recover alleged arrearages in rent and expenses to restore the apartment to its former condition. On appeal, the defendants claim that the trial court wrongfully entered a default judgment against them (pursuant to D.C.C.R. 80.3(e) (Supp. 1984)) after they had entered an appearance and set forth a defense to the plaintiffs' claim.

The plaintiffs' complaint was filed November 3, 1983. The court records do not reflect that defendants filed an answer to the plaintiffs' complaint within the 20 days specified in the summons attached to the complaint. The plaintiffs filed an affidavit for a default judgment and the court granted a default judgment on December 1, 1983. Thereafter the defendants moved to set aside the default judgment, alleging that they did file an answer and that they were never given any notice of a hearing.

The court, ex parte, on December 13, 1983, granted the defendants' motion, stating as the reason for its decision: "question of notice and doubt must be resolved in favor of a fair hearing."

A hearing on the merits was scheduled for January 16, 1984, but on January 15, 1984, the plaintiffs filed a motion to set

aside the court's order, dated December 13, 1983, and for a hearing on the defendants' motion to set aside the default judgment. At the scheduled time for the hearing on the merits the court agreed first to hear the plaintiffs' motion to set aside its order dated December 13, 1983, because the plaintiffs had never had an opportunity to be heard on the defendants' motion to set aside the default judgment.

During the evidentiary hearing on the motion, the plaintiffs offered evidence that the defendants had in fact received a copy of the complaint and summons by certified mail and that defendants had not filed any answer to the complaint within the 20 day period provided by rule. D.C.C.R. 80.3(e) (Supp. 1984).

Defendant Joseph Corey denied that it was his signature on the notice of receipt of certified mail, even though the postman testified that he personally witnessed Mr. Corey's signing and had hand-delivered the letter containing the complaint and summons to Mr. Corey. Defendant insisted he received no notice of a time or place for a hearing and that he did mail an answer to the plaintiffs' complaint, but that the court never received it.

The court, in its oral findings at the close of the hearing, indicated that it did not believe the testimony of defendant Joseph Corey when he stated he did not receive the complaint and summons and that it was not his signature on the notice of receipt of certified mail. Whereupon, the court struck its order dated December 13, 1983, and reinstated the default judgment dated December 1, 1983.

We have consistently held that " '[w]hen the evidence is conflicting the credibility of the witnesses, the weight of the evidence, and its persuasive effect are questions for the trier of fact, and its determination must stand if supported by credible evidence even though there may be inconsistencies or substantial evidence to the contrary.' " *LaFlamme* v. *Church*, 143 Vt. 219, 220, 465 A.2d 268, 269 (1983) (quoting *Concra Corp.* v. *Andrus*, 141 Vt. 169, 173, 446 A.2d 363, 365 (1982) ; citing *Stamato* v. *Quazzo*, 139 Vt. 155, 158, 423 A.2d 1201, 1203 (1980) ).

Our review of the record reveals sufficient credible evi-

dence to support the trial court's ruling. Accordingly, it must be affirmed.

*Affirmed.*