# America Bruntaeger v. Al Zeller

[515 A.2d 123]

No. 85-055

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed July 7, 1986

*Linton & Linton, P.C.*, Burlington, for Plaintiff-Appellee.

*Joseph C. Palmisano* and *Raymond J. Obuchowski*, Barre, for Defendant-Appellant.

**Hayes, J**. Defendant, Al Zeller, appeals a superior court judgment in favor of plaintiff, America Bruntaeger, for $2,700 plus interest and costs, and $1,692.40 in attorney's fees. Plaintiff cross-appeals for exemplary damages. We remand for an evidentiary hearing on the reasonableness of attorney's fees. In all other respects, we affirm.

Plaintiff purchased a fur coat from defendant at his temporary business address in the Sheraton-Burlington Inn in South Burlington, Vermont on November 27, 1982. Plaintiff gave defendant a $100 deposit on the coat. Defendant advised plaintiff that he would not alter the coat until he had received the full purchase price of $2,700. The day after the purchase, plaintiff sent defendant a check for $2,600. Approximately one week later, plaintiff received the coat in Vergennes, where it arrived by bus from defendant's regular place of business in St. Johnsbury. The package containing the coat was undamaged. Defects in the coat, however, were immediately apparent to plaintiff when she removed it from the package. She notified defendant within hours of receipt that the coat was defective and that she was rejecting it in its present condition. Defendant suggested that she bring the coat to the Sheraton-Burlington for him to examine. When plaintiff brought the coat to the Burlington motel, defendant told her that if he sent the coat to the manufacturer, she would have to accept it thereafter regardless of its condition.

Plaintiff then advised defendant that she was unconditionally rejecting the coat, and that defendant could pick it up at her

home at any time upon return of the purchase price and sales tax. Defendant refused to refund plaintiff's money, and he did not pick up the coat. Plaintiff then filed suit, alleging in her complaint that the defects in the coat amounted to breach of contract, breach of express and implied warranties, and violated 15 U.S.C. §§ 2301-2312, the Magnuson-Moss Warranty Act. Plaintiff further alleged that the sale was a home solicitation sale within the meaning of 9 V.S.A. § 2451a, and that she was entitled to a written notice of her cancellation rights under 9 V.S.A. § 2454(b)(1). Plaintiff also claimed that a violation of 9 V.S.A. § 2454(b)(1) was a violation of Federal Trade Commission (FTC) regulation entitled "Cooling-Off Period For Door-To-Door Sales," 16 C.F.R. § 429.1, because it constituted an unfair act in commerce. Finally, plaintiff alleged that defendant failed to disclose his refund policy in violation of Vermont's Consumer Fraud Rule 106 (promulgated by the Attorney General, Consumer Fraud Division), and the Consumer Fraud Law, 9 V.S.A. § 2453(a).

After a bench trial, the court found that the sale was a home solicitation sale, and that defendant's failure to provide plaintiff with a written notice of her cancellation rights violated 9 V.S.A. § 2453. The court found that plaintiff had rejected nonconforming goods and ordered defendant to refund her money under 9 V.S.A. § 2454(c)(1). In awarding plaintiff damages, the court accepted as reasonable, without further evidence, and over defendant's objection, the bill submitted for plaintiff's counsel fees. The court did not grant plaintiff's request for exemplary damages.

Defendant appeals as error the following findings: (1) that the sale in this case comes within the home solicitation sales provision of 9 V.S.A. § 2451a(e); (2) that defendant had committed a prohibited practice under Vermont consumer fraud law as well as violating the Federal Trade Commission's Regulation entitled "Cooling-Off Period For Door-To-Door Sales"; (3) that defendant told plaintiff that she would have to accept the coat after return from the manufacturer whether a "cure" was effected or not; and (4) that attorney fees awarded in this case were reasonable. Plaintiff cross-appeals the denial by the court of her request for exemplary damages, and requests attorney fees incurred in connection with this appeal.

## I.

Defendant first argues that the trial court erred when it found that the sale in this case came within the definition of a home solicitation sale pursuant to 9 V.S.A. § 2451a(e). Defendant's argument relies on the nature and character of his business rather than on the location of the sale. He suggests that the statute is intended to protect consumers from "fly by night" transient merchants and not someone like himself, who otherwise has a stationary business address. We disagree.

A home solicitation sale is defined in 9 V.S.A. § 2451a(e) as

> the sale or lease, or the offer for sale or lease, of goods or services with a purchase price of $5.00 or more, whether under single or multiple contracts, where the sale, lease, or offer thereof is either personally solicited or consummated by a seller at the residence or place of business or employment of the consumer, or at a seller's transient quarters. Transient quarters includes *hotel or motel rooms, or any other place utilized as a temporary business location.* (Emphasis added.)

■ Findings rendered by the trial court will not be set aside unless, taking the evidence in the light most favorable to the prevailing party, and excluding the effect of modifying evidence, they are clearly erroneous. *Gilbert* v. *Davis*, 144 Vt. 459, 461, 479 A.2d 159, 160 (1984). The evidence reveals that defendant's regular place of business is in St. Johnsbury. From time to time, however, he sells fur coats out of motel rooms. Under the statute, it is the location of the sale and not whether the merchant maintains a regular business address which is controlling. The South Burlington motel room used by defendant in this case constituted "transient quarters" or "a temporary business location," as those terms are used in 9 V.S.A § 2451a(e). Thus, the court did not err when it found that the sale came within the definition of 9 V.S.A. § 2451a(e).

## II.

■ Defendant next claims that the court erred in concluding that he had violated Vermont's Consumer Fraud Law as well as the Federal Trade Commission's regulation titled "Cooling-Off Period For Door-To-Door Sales," 16 C.F.R. § 429.1. We disagree.

Where a sale is defined as a home solicitation sale, it is subject to notice of the right of rescission found in 9 V.S.A. § 2454(b), which requires written notice to the buyer. Defendant did not give notice to plaintiff. Plaintiff properly canceled the contract, and was entitled to a refund under 9 V.S.A. § 2454(c)(1), which defendant refused to give. Defendant's actions thus violated 9 V.S.A. § 2454, and were unfair within the meaning of 9 V.S.A. § 2453(a).

Defendant contends that the court erred in finding him in violation of 16 C.F.R. § 429.1. Under federal regulations, a "Door-To-Door" sale is one "made at a place other than the place of business of the seller." 16 C.F.R. § 429.1, note 1(a). A violation occurs when the seller fails to provide the buyer with a written notice of the right to rescind the contract within three days of its making. Sales consummated at a seller's local business address are exempt from the notice provisions of 16 C.F.R. § 429.1. Defendant characterizes the motel rooms at the Sheraton-Burlington as a local business address pursuant to 16 C.F.R. § 429.1, note 1(d). Even if we were to accept defendant's interpretation of the federal regulations, state law is not preempted by the federal scheme except where state law is directly inconsistent. Note 2(b) of 16 C.F.R. § 429.1 states:

> This section will not be construed to annul, or exempt any seller from complying with the laws of any State, or with the ordinances of political subdivisions thereof, regulating door-to-door sales, except to the extent that such laws or ordinances, if they permit door-to-door selling, are directly inconsistent with the provisions of this section. Such laws or ordinances which do not accord the buyer, with respect to the particular transaction, a right to cancel a door-to-door sale which is substantially the same or greater than that provided in this section, or which permit the imposition of any fee or penalty on the buyer for the exercise of such right, or which do not provide for giving the buyer notice of his right to cancel the transaction in substantially the same form and manner provided for in this section, are among those which will be considered directly inconsistent.

Because Vermont law provides greater protections to Vermont consumers, and specifically includes temporary motel and hotel locations in its definition of home solicitation sales, the FTC regulation is not preemptive. Having found that defendant violated

Vermont's Consumer Fraud Law, we need not address whether the court erred in finding a violation of 16 C.F.R. § 429.1.

## III.

Defendant next argues that the trial court erred in finding that his offer to return the fur coat to the manufacturer for repair was conditioned upon plaintiff's acceptance of the coat upon return. We disagree.

■ It is the province of the trial court to determine the credibility of witnesses and weigh the persuasive effect of the evidence. *Darken* v. *Mooney*, 144 Vt. 561, 568, 481 A.2d 407, 412 (1984). Testimony concerning the return of the coat conflicted. Defendant claimed that he offered to return the defective fur coat to the manufacturer for repair without imposing any conditions. Plaintiff, on the other hand, testified that defendant told her that if he sent the coat to the manufacturer, she would have to accept it thereafter regardless of its condition. A witness supported plaintiff's testimony. A determination by the trier of fact must stand if supported by credible evidence, even if inconsistencies or contrary evidence exists. *Nurenberg* v. *Corey*, 145 Vt. 341, 343, 488 A.2d 440, 441 (1985). The court's finding is supported by credible evidence, and therefore it must stand.

## IV.

Plaintiff claims the trial court erred in concluding that it could not award exemplary damages in a consumer case without proof of actual malice.

In *Gramatan Home Investors Corp.* v. *Starling*, 143 Vt. 527, 535-36, 470 A.2d 1157, 1162 (1983), we held that, under 9 V.S.A. § 2461(b), once a violation of the Consumer Fraud Law has been established, an award of attorney's fees is a statutory element of damages. We did not address in that case whether a showing of a statutory violation mandates an award of exemplary damages. Plaintiff contends that because the language concerning attorney's fees and exemplary damages is in the same clause, it necessarily follows that the prevailing consumer is entitled to exemplary damages. We disagree. The statute requires an award of exemplary damages only where malice, ill will, or wanton conduct is demonstrated.

The phrase "exemplary damages" has historically implied some malice or willful conduct on the part of the defendant. See Rice, *Exemplary Damages In Private Consumer Actions*, 55 Iowa L. Rev. 307, 309-15 (1969). Although early courts did not condition approval of exemplary damages on the existence of offensive or aggravated conduct, such conduct was present in cases awarding exemplary damages. The law developed a basic rule that, to obtain exemplary damages, the claimant is required to prove the existence of aggravated circumstances. *Id.* at 309. "Exemplary damages typically flow from proof by the plaintiff that the act complained of was malicious, wanton or reckless with regard to the plaintiff's rights or interests." *Id.* at 315.

Under our case law, an award of exemplary damages has consistently been predicated on a finding of malice, ill will, or wanton conduct. See *Murray* v. *J & B International Trucks, Inc.*, 146 Vt. 458, 465, 508 A.2d 1351, 1355 (1986) (punitive damages may be awarded in actions of conversion, if conversion is characterized by malice, willfullness, or reckless and wanton disregard of one's rights); *Hilder* v. *St. Peter*, 144 Vt. 150, 163, 478 A.2d 202, 210 (1984) ("Although punitive damages are generally not recoverable in actions for breach of contract, there are cases in which the breach is of such a willful and wanton or fraudulent nature as to make appropriate the award of exemplary damages."); *Lent* v. *Huntoon*, 143 Vt. 539, 551, 470 A.2d 1162, 1171 (1983) (showing of malice required to support award of punitive damages in defamation suit); *Glidden* v. *Skinner*, 142 Vt. 644, 647, 458 A.2d 1142, 1144 (1983) (punitive damages allowed in actions for breach of contract where breach has the character of willful and wanton or fraudulent tort); *Shortle* v. *Central Vermont Public Service Corp.*, 137 Vt. 32, 33, 399 A.2d 517, 518 (1979) ("Punitive or exemplary damages may upon proper showing be awarded if the act or acts relied upon are more than wrongful or unlawful. It must be shown that there was actual malice.").

In construing the legislative intent behind the language of 9 V.S.A. § 2461(b), we are mindful that, "[w]hile the [Consumer Protection] Act must be construed liberally in order to serve its remedial purpose, we cannot so freely stretch its meaning as to evade the Legislature's intent." *Wilder* v. *Aetna Life & Casualty Insurance Co.*, 140 Vt. 16, 19, 433 A.2d 309, 310 (1981) (citation omitted). We hold that the legislature, by its use of the phrase

"exemplary damages," imposed a proof of malice requirement on the consumer.

■ The court is required, under 9 V.S.A. § 2461(b), to consider whether a plaintiff is entitled to exemplary damages, and must award them upon a showing of actual malice. In this respect, the consumer fraud law differs from ordinary civil law where an award of exemplary damages is discretionary with the fact finder even where malice is present. Under our consumer fraud statute, exemplary damages may be appropriate in certain circumstances. They are not, however, mandated merely upon a showing of a statutory violation. In this case, the evidence supports the trial court's finding that defendant's conduct, however wrongful, was not malicious.

## V.

Defendant argues that the trial court erred in its award of attorney fees, on two grounds: (1) that an award of attorney fees is inappropriate because defendant did not violate 9 V.S.A. § 2454; and (2) assuming plaintiff was entitled to attorney fees, the fees awarded were unreasonable.

Having affirmed the court's judgment against defendant, we only address defendant's contention that the fees awarded to plaintiff were unreasonable. See *Gramatan, supra*, 143 Vt. at 535-36, 470 A.2d at 1162 (once a violation of the Consumer Fraud Law has been established, the award of fees pursuant to 9 V.S.A. § 2461(b) is a statutory element of damages, and not within the discretion of the trial court). Plaintiff sought to establish reasonable attorney fees through submission of a bill from her attorney. The bill detailed the work performed but not the amount of time counsel devoted to each task enumerated. Only in the last paragraph did the bill contain a total of hours times an hourly rate. The court did not take testimony from counsel nor were any witnesses called to establish the reasonableness of the bill. Defendant objected to both the time and amounts listed.

■ While it is true that the determination of "reasonable attorney fees" is largely within the court's discretion, counsel has the burden to provide evidence of services upon which value can be determined. *Young* v. *Northern Terminals, Inc.*, 132 Vt. 125, 130, 315 A.2d 469, 472 (1974). Here, plaintiff's counsel submitted a bill and offered no further evidence to the trier of fact. In

*Parker, Lamb & Ankuda, P.C.* v. *Krupinsky*, 146 Vt. 304, 309, 503 A.2d 531, 534 (1985), we stated that when an attorney's fees are in dispute, "the record is often best served on the issue of reasonableness by the receipt of expert testimony from independent counsel."

The attorney's fees awarded in this case may be entirely reasonable. We do not accept as sufficient, however, the evidence as it appears in the record. On remand, plaintiff has the burden of establishing the reasonableness of attorney's fees in accordance with this opinion and our prior holding in *Krupinsky, supra.*

## VI.

Plaintiff, in her cross-appeal, requests an award of attorney's fees on appeal. She urges us to reconsider the dicta contained in *Fraser* v. *Choiniere*, 133 Vt. 631, 637, 350 A.2d 755, 759 (1975), which states that "the statute does not provide for recovery of attorney fees for services rendered in this Court."

Absent special legal authority or as a matter of contract, attorney's fees are not awarded as part of recovery in American practice. *Anderson* v. *State*, 147 Vt. 394, 395, 518 A.2d 360, 360 (1985). "Vermont follows the 'American' rule on litigation expenses, which requires each party to bear his general litigation expenses." *State* v. *Whitingham School Board*, 140 Vt. 405, 407, 438 A.2d 394, 396 (1981) (citations omitted). Furthermore, "[a]n award of attorney's fees is in derogation of the common law, and statutes allowing for the award of such fees should be strictly construed." *B & L Motors, Inc.* v. *Bignotti*, 427 So. 2d 1070, 1074 (Fla. Dist. Ct. App. 1983) (citation omitted).

In determining whether 9 V.S.A. § 2461(b) provides for attorney's fees on appeal, we have looked for guidance to sister states whose consumer fraud statutes use language similar to our statute regarding the award of attorney's fees. Several state courts have interpreted "reasonable attorney's fees" to include the cost on appeal to the prevailing consumer. *Public Finance Co.* v. *Van Blaricome*, 324 N.W.2d 716, 726 (Iowa 1982); *Linthicum* v. *Archambault*, 379 Mass. 381, 389, 398 N.E.2d 482, 488 (1979); *Volkswagen of American, Inc.* v. *Licht*, 544 S.W.2d 442, 446 (Tex. Civ. App. 1976); *Wilkinson* v. *Smith*, 31 Wash. App. 1, 15, 639 P.2d 768, 775-76 (1982).

The purpose behind Vermont's Consumer Fraud Law is to "complement the enforcement of federal statutes and decisions governing unfair methods of competition and unfair or deceptive acts or practices in order to protect the public, and to encourage fair and honest competition." 9 V.S.A. § 2451. As we recognized in *Gramatan, supra,* 143 Vt. at 536, 470 A.2d at 1162, "[t]he interests of both the business community and the public at large are best served by shifting the burden of the expense of consumer fraud litigation onto the shoulders of those whose unfair or fraudulent acts are responsible for the litigation in the first place."

■ We hold that "reasonable attorney's fees" as used in 9 V.S.A. § 2461(b) includes the cost of attorney's fees on appeal to the prevailing consumer. To the extent that *Fraser* v. *Choiniere, supra,* is inconsistent with our holding today, it is overruled.

*The cause is remanded for an evidentiary hearing on the reasonableness of attorney's fees, consistent with the views expressed in sections V and VI of this opinion. In all other respects, the judgment of the trial court is affirmed.*