# David Nepveu v. George Rau

[583 A.2d 1273]

No. 89-466

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed October 5, 1990

Motion for Reargument Denied November 29, 1990

*Valerie White* and *James R. Dean Mahoney*, Law Clerk (On the Brief), Hyde Park, for Plaintiff-Appellee.

*Harold B. Stevens*, Stowe, for Defendant-Appellant.

---

**Morse, J.** Defendant-landlord appeals a judgment awarding plaintiff-tenant damages for breaching the implied warranty of habitability and wrongfully withholding plaintiff's security deposit. We affirm.

Upon first occupying the leased apartment on December 31, 1987, the tenant discovered that the toilet did not flush and promptly complained to the landlord. After numerous verbal notices to defendant of the problem and two repair attempts by a plumber, the problem persisted. Finally, plaintiff vacated the apartment on January 15, 1988, and sent the landlord a letter that day saying he moved out because of the malfunctioning toilet. Plaintiff demanded return of his $600 deposit and the $400 January rent. Defendant responded by letter dated January 19, 1988, claiming, in effect, that plaintiff wrongfully vacated the apartment, stating:

> It is my intention to expect you to be financially accountable for the rent on this apartment until I rerent it, at which point I will refund you the balance of whatever January rent is left and your security deposit.

Defendant rerented the premises on February 11, 1988, and refunded a pro rata amount of the security deposit to plaintiff. A week later plaintiff brought suit for damages under Vermont's Landlord and Tenant Act, Title 9, chapter 137.

Defendant's claims of error are that the court wrongfully denied his motion for summary judgment and erred in granting judgment for the plaintiff.

## I.

Defendant first argues that plaintiff's failure to raise a material issue of fact as to whether the toilet was clogged entitled the landlord to summary judgment. The landlord's affidavit admitted that the toilet was clogged and that two repair attempts had been made over a two-week period. The defendant further averred that the tenant informed him the toilet had not been successfully repaired when he moved out on January 15, 1988. The tenant did not respond with an affidavit, but he did not need to. The landlord's own affidavit demonstrated there was a genuine issue of fact to be resolved about the state of the plumbing.

## II.

Defendant also claims error in granting judgment to plaintiff, specifically asserting the court erred in finding that he (1) breached the warranty of habitability and (2) wrongfully withheld plaintiff's security deposit.

Defendant asserts that plaintiff "agreed to be responsible for taking care of such minor plumbing problems" in the lease. As to this point, an implied warranty of habitability exists in every lease for a residential dwelling unit and cannot be waived by agreement. 9 V.S.A. § 4457(a) and (b); *Hilder v. St. Peter*, 144 Vt. 150, 159–60, 478 A.2d 202, 208 (1984).

A tenant is required to give the landlord written notice of noncompliance with the landlord's obligation for habitability. 9 V.S.A. §§ 4458(a) and 4451(1). "If the landlord fails to make repairs within a reasonable time and the noncompliance materially affects health and safety, the tenant may ... terminate the rental agreement on reasonable notice." 9 V.S.A. § 4458(a)(4).

The court found that the defendant breached the warranty of habitability, and we find that the evidence supports that judgment. Defendant actually knew of the fixture problem from the first days that plaintiff occupied the apartment. The evidence also showed that plumbers repaired the toilet on four occasions—January 4, 13, and 19, and March 16, 1988—twice before the plaintiff vacated, twice after. Defendant testified that the plumbers performed the March labor for free because he assumed "they felt that they should have found the problem before." At that time, the plumbers finally discovered an obstruction inside the toilet. During the successful March repair, the plumbers, for the first time, used an auger and detected a Muppet toothbrush in the toilet trap. The expert testified at trial that during the March repair the plumber "removed the toilet and turned it upside down and shook it and got the [toothbrush] out of there." We hold that this evidence supports the conclusion that defendant failed to make timely repairs under § 4458(a).

Defendant's final contention that he did not wrongfully withhold the security deposit is premised solely on his view that the tenant terminated the lease by failing to pay rent. See 9 V.S.A. § 4461(b)(1) ("landlord may retain all or a portion of the

security deposit for . . . nonpayment of rent"). The court found, however, that the tenant terminated the lease because the landlord did not make timely repair of the toilet.

It may be argued that 9 V.S.A. § 4461(b)(1) and (e) (failure of landlord to return security deposit with statement of deductions within fourteen days of tenant vacating premises deemed forfeiture of right to withhold deposit) means a landlord may withhold all or part of a security deposit beyond fourteen days when a tenant's liability for rent is disputed. Defendant, however, did not raise this issue on appeal, and it is therefore waived.

Plaintiff's request for attorney's fees on appeal is granted. 9 V.S.A. §§ 4458(a)(3), 4461(e); see *Bruntaeger v. Zeller*, 147 Vt. 247, 256, 515 A.2d 123, 129 (1986) (reasonable attorney's fees in consumer fraud statute includes appeal costs).

*Affirmed on the merits. Remanded for a hearing on attorney fees.*