Maintenance Management v. Pelino, No. 1345-02 Cncv (Katz, J., Sept. 25, 2003)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                    SUPERIOR COURT
Chittenden County, ss.:             Docket No. 1345-01 CnCv

MAINTENANCE MANAGEMENT

v.

PELINO

## ENTRY

Contractor Maintenance Management requests reconsideration of our declining to apply the Prompt Pay Act, 9 V.S.A. § 4001–4009, and requests under the Act that we grant attorneys fees to the substantially prevailing party and a penalty of 1% interest per month.

Whether the Prompt Pay Act applies to the relationship between contractor and Pelinos depends on the language of the Act, which makes it quite clear that it applies only when there is an oral or written contract, 9 V.S.A. § 4001 (5).  Despite that language, there is no reason to foreclose its

application in implied contracts.  See Jenkins, Inc. v. Walsh Bros., Inc., 2001 ME 98.  This issue, however, is not dispositive.

The Prompt Pay Act awards attorney fees to the "substantially prevailing party."  9 V.S.A. § 4007 (c).  As this is contrary to the traditional "American Rule" where parties pay their own attorney fees regardless of who prevails,  DJ Painting, Inc. v. Baraw Enters., Inc., 172 Vt. 239, 246 (2001), it is a derogation of the common law and must be interpreted strictly.  Bruntaeger v. Zeller, 147 Vt. 247, 255 (1986).  Contractor argues that there is no difference between "substantially prevailing party" and "prevailing party."  For support, he cites to Buckhannon Board & Care Home, Inc. v. W. Va. Dep't of Health & Human Resources, 532 U.S. 598 (2001) and more generally to Union of Needletrades, Indus. & Textile Employees v. I.N.S., 336 F.3d 200 (2d Cir. 2003).  In the first case, the Court does not even address the difference between "substantially prevailing" and "prevailing."  In the second case, the Second Circuit draws a very different distinction than what contractor argues.  The Second Circuit does not say that the two terms are synonymous.  On the contrary, the court rejects the "catalyst" interpretation of "substantially prevailing" that previously gave it a broader application, which made it indistinguishable with  "prevailing."  Union, 532 F.3d at 205 (defining the "catalyst" as basing application on the manner and method of recovery).  More importantly, both cases endorse a more restrictive interpretation of "substantially" that would limit the application of attorney fee provisions based on the amount or degree of recovery, thereby making "substantially prevailing" a subset of "prevailing."  Union, 532 F.3d at 207–08.  Such an interpretation also gives meaning to every word in the statute, Reed v. Glynn, 168 Vt. 504, 506 (1998), because "substantially" is no longer superfluous.  Finally, it emphasizes a measure of discretion in the court on the question of whether to award fees.  Without such discretion, a $1

victory would carry with it a fee award which might drive the case more than would the merits. Applying this rationale, contractor has provided no evidence, and has not argued, that he substantially prevailed. Given the high bar set by 9 V.S.A. § 4007 (c) and the lack of evidence, Attorney fees are inappropriate.

As to the Prompt Pay Act's penalty provisions, the plain language of § 4007 (a) allows an owner or contractor to withhold all or part of a payment based on a good faith claim arising from "unsatisfactory job progress" or "disputed work." This provision appears to enunciate the common sense principle that when there is a fundamental dispute over what was owed, there cannot be punishment for litigation that resolves it. Where, as here, the homeowner substantially prevails on a number of issues that good faith is shown. Since Pelinos withheld their payment based on a good faith dispute over the nature, amount, quality, and cost of the work, § 4007 (a) applies to prevent any penalties from attaching. Contractor provides no reasoning why this section should not apply here.

For the foregoing reasons, Maintenance Management's motion to reconsider is rejected.

Dated at Burlington, Vermont_____, 2003.


_____
Judge