Hyundai Motor America v. Bagley, No. 575-10-04 Wncv (Toor, J., Sept. 27, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT
WASHINGTON COUNTY, SS

HYUNDAI MOTOR AMERICA,
  Plaintiff–Appellant

v.

CHRISTINA ELLEN BAGLEY,
  Defendant–Appellee

SUPERIOR COURT
Docket No. 575-10-04 Wncv

DECISION

Hyundai Motor America appeals from an award of the New Motor Vehicle Arbitration Board in favor of Christina Ellen Bagley, who sought arbitration after experiencing problems with the airbag indicator light on her 2001 Hyundai Sonata. Hyundai argues that the award should be vacated because it never got a reasonable number of opportunities to repair the vehicle, it did not receive adequate notice of the hearing date, and the Board improperly ignored the evidence it offered at the hearing. For the following reasons, the award is confirmed.

The general purpose of the New Motor Vehicle Arbitration Act (Vermont's "lemon law"), 9 V.S.A. §§ 4170–4181, is to protect against "the insecurity of ownership of a vehicle that is perceived to be undependable." Muzzy v. Chevrolet Div., Gen. Motor Corp., 153 Vt. 179, 189 (1989). The Act protects this consumer interest by requiring the manufacturer to ensure that the vehicle conforms to its warranty. 9 V.S.A. § 4172(b). When the consumer notifies the

manufacturer of a defect, the manufacturer must correct it. Id. § 4172(c). If the manufacturer is unable to cure the defect after "a reasonable number of attempts," and the defect "substantially impairs the use, market value, or safety" of the vehicle, then the consumer is entitled to a refund or replacement. Id. § 4172(e).

A consumer initiates arbitration proceedings under the Act by filing a form required to be made available by the manufacturer. 9 V.S.A. § 4173(a). Arbitration before the board then must occur within 45 days unless a maximum 30-day extension is granted for "good cause." Id. § 4173(c). The manufacturer has a right to one final repair attempt, which "is waived if the manufacturer does not complete it at least five days prior to hearing." Id. § 4173(d). The board itself is composed of one new car dealer, one automobile technician, and "three persons having no direct involvement in the design, manufacture, distribution, sales or service of motor vehicles or their parts." Id. § 4174(a).

The decision of the board is final unless, on appeal to superior court, a party proves a statutory ground for relief by "clear and convincing evidence." 9 V.S.A. § 4176(a). The only such ground raised by Hyundai is that the board "exceeded its powers." Id. § 4176(a)(3). These statutory grounds resemble those available in the Vermont Arbitration Act, 12 V.S.A. § 5677, which, in turn, resemble those available under the Federal Arbitration Act, 9 U.S.C. § 10(d). Muzzy, 153 Vt. at 184. Because arbitration is deferred to by courts as a favored method of settling disputes, id. at 185, the scope of review is limited essentially to ensuring that "proceedings fall within the boundaries of due process," id. at 184. "We do not sit as an appellate court on errors of fact or law . . . ." Id. "Only under extreme circumstances can we intervene . . . . This standard is severely limited." Id. at 185. The reasoning supporting an arbitration award need not even be explained. Id. at 191.

2

In this case, the Board found that Hyundai had a reasonable number of attempts at repairing the defect with the air bag indicator light, had waived its right to a final attempt at repair, and that the defect substantially impairs the safety of the vehicle. Thus, the Board made an award for Ms. Bagley.

Hyundai argues first that the award is predicated erroneously on a statutory presumption that it had a reasonable number of opportunities to repair the vehicle. One of the Board's findings states: "The consumer demonstrated reasonable repair for the claimed condition. 9 V.S.A. § 4172(g)(1)." Decision of the Board at 1 (Sept. 7, 2004). Section 4172(g) sets out the circumstances in which a "reasonable number of attempts" at repairing the vehicle shall be presumed. Such a presumption arises under subsection (g)(1) when the manufacturer has failed to correct the same problem three times. The record seems clear that Hyundai did not fail to correct the airbag problem three times; it did not make three attempts at all. However, the transcript of the arbitration proceedings strongly suggests that the Board determined that even a single failed effort at repairing a safety feature like the airbag light is a "reasonable number"; nothing in the transcript suggests that the Board believed that any statutory presumption had been triggered. While the statutory presumptions provide methods of arriving at an eventual finding on the reasonableness of the number of attempts, the Board was not limited to those methods. Rather, the Board was free to find that fewer than three attempts are reasonable. The court has no doubt that, though it cited incorrectly to a statutory presumption, the Board found that there had been a reasonable number of attempts.

Hyundai also argues that it was given inadequate notice of the date of the hearing, preventing it from adequately preparing its case and taking advantage of its statutory right to one last repair attempt. The demand for arbitration initiating the underlying proceedings was filed on

3

July 20, 2004. By an August 17 notice, Hyundai was advised of a September 27 hearing date, and that if a cancellation occurred at least 48 hours in advance of August 30, the hearing would be advanced to that date. The notice states, "Consumers and Manufacturers listed under Section B [where this case appears] should be prepared to proceed to hearing since openings frequently occur." Hearing Notice of the Board at 2 (Aug. 17, 2004). The Notice also states, "The manufacturer's final repair attempt must be completed five days prior to hearing or the opportunity for the repair is waived . . . . The [manufacturer's response form] should be submitted to the consumer and Board at least five days prior to the hearing, which is also when the final repair attempt must be completed." Id. at 3. Without having attempted a final repair or having submitted a response form, Hyundai was notified on August 27 that the hearing would be advanced to August 30.

While Hyundai claims to have been unfairly surprised by the advancement of the hearing, the record lends little support to the claim. Hyundai was notified clearly that the hearing likely would be advanced to the earlier date, and that if it were to be advanced, notice of advancement could come only very shortly before the new date. Additionally, Hyundai was notified clearly of the need to make the final repair attempt and submit its response five days before the hearing. The record provides no evidence that Hyundai ever took any steps to do either. Then, when purportedly surprised by the new hearing date and incapable of properly preparing for it, Hyundai never requested a continuance. Hyundai's only explanation here for not having requested a continuance from the Board is that it suspects that doing so would have been futile. The record does not support the suspicion. While the court believes that Hyundai's unfair-notice argument is waived by its failure to request a continuance, the court also concludes that this

4

record does not demonstrate deficiencies in notice or timing of hearings that unfairly prevented Hyundai from fairly making its case.

Finally, Hyundai argues that the Board simply ignored its evidence in deference to Ms. Bagley's. It was for the Board, as finder of fact, "to determine the credibility of witnesses and weigh the persuasive effect of the evidence" at the evidentiary hearing. Bruntaeger v. Zeller, 147 Vt. 247, 252 (1986), cited in In re 75,629 Shares of Common Stock of Trapp Family Lodge, Inc., 169 Vt. 82, 90 (1999). As noted above, in determining whether a statutory ground for relief is evident, "we do not 'sit as an appellate court on errors of fact or law made by the Board' and intervene to correct an error of law only 'under extreme circumstances.'" In re Villeneuve, 167 Vt. 450, 454 (1998) (quoting Muzzy, 153 Vt. at 184-85).

The court concludes that Hyundai has not proven that the Board exceeded its powers in this case. The award in favor of Ms. Bagley is confirmed.

Dated at Montpelier, Vermont this ___ day of _____, 2005.

_____
Helen M. Toor
Superior Court Judge

5