**ENTRY ORDER**
SUPREME COURT DOCKET NO. 2014-214
JANUARY TERM, 2015

| Peggy List | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Chittenden Unit, |
| v. | } | Family Division |
| | } | |
| Paul List | } | DOCKET NO. 981-12-12 Cndm |

Trial Judge: Linda Levitt

In the above-entitled cause, the Clerk will enter:

In this enforcement action husband appeals from an order of the family division requiring him to comply with the terms of the property division in the parties' divorce judgment and to pay wife's attorney's fees of $5,062.37. We affirm in part and reverse in part.

The material facts are undisputed. The parties were divorced in January 2014 after a twenty-four year marriage. The divorce judgment awarded husband the parties' businesses, business condominium, and marital home, and ordered husband to pay wife $365,580 for her one-half interest in the businesses and properties. Of this amount, the order required that husband pay $50,000 within sixty days of the date of the order, and the remainder in 120 consecutive monthly installments starting March 1, 2014. The judgment also awarded maintenance to wife of $2,500 per month for two years, and $1,500 per month thereafter until wife reaches the age of sixty-six.

In April 2014, wife filed motions to enforce the judgment and for contempt. Husband requested a hearing in response. The court held a hearing in June 2014. Wife's attorney asserted that husband had failed to make the $50,000 payment as well as four of the subsequent monthly installments, as required by the judgment. Wife's attorney maintained further that husband's business account currently contained $30,000, and that the business had taken in revenue of over $100,000 since January 2014. Wife's counsel requested an order requiring husband to pay $25,000 immediately, as well as attorney's fees and costs incurred in the enforcement action.

Husband's attorney did not contest the amounts owed. He acknowledged that it was husband's "intention . . . to make the payments," but claimed that husband needed "extra time" to do so because husband's business had "suffered a significant financial hit."

Based on the foregoing, the trial court found that husband was "clearly not in compliance" with the divorce judgment, and directed wife's attorney "to prepare an order for my signature to enforce the final order." Husband's attorney, in response, requested an opportunity to present evidence on husband's ability to pay, asserting that while he was current on his spousal maintenance obligation he lacked sufficient income from the business to make the additional payments. The trial court denied the request, observing that the divorce judgment had not been appealed and was final, that husband was out of compliance with the judgment, and that wife was entitled to enforce it.

Thereafter, based on the order submitted by wife, the trial court issued a written ruling ordering husband to pay wife $25,000 within five days of the order, to fully comply with the

balance of the terms of the divorce judgment within thirty days of the order, and to pay wife's attorney's fees in the amount of $5,062.37. The judgment stated that failure to comply with its terms would result in the scheduling of a contempt hearing. This appeal followed.

Husband contends the trial court erred in ordering him to comply with the terms of the divorce judgment, including the payment of $25,000, without taking evidence on his claim that reverses to his business had impaired his ability to pay. We find no error. The court was not holding a contempt hearing, where it is essential to find that the obligor "has the present ability to comply with the court's [underlying] directive." Sheehan v. Ryea, 171 Vt. 511, 512 (2000) (mem.) (alteration in original) (quotation omitted). Nor was the court considering a Vermont Rule of Civil Procedure 60(b) motion to modify the payment schedule set forth in the divorce judgment, even to the limited extent that such provisions may be modified. Absent these circumstances, the court did not err in granting the motion to enforce based on father's admission that he was not in compliance with the judgment.

Husband additionally contends that the trial court erred in awarding attorney's fees to wife. The hearing record discloses that wife requested an award of attorney's fees incurred in the enforcement action, and that the trial court summarily granted the request with no consideration of the parties' current financial circumstances or the reasonableness of the fees. Indeed, it appears that the award was based simply on the amount specified in the order submitted by wife's attorney at the court's direction. This was error. See Willey v. Willey, 2006 VT 106, ¶ 25, 180 Vt. 421 (noting that, in awarding attorney's fees, "consideration should be given to the parties' ability to pay"); Bruntaeger v. Zeller, 147 Vt. 247, 254 (1986) (party seeking attorney's fees has burden to provide evidence of their reasonableness).

To be sure, we have held that—in the immediate context of a divorce proceeding—the court is not required to conduct a separate hearing and take additional evidence on the financial positions of the parties "because those positions have typically been subject to extensive judicial scrutiny during the hearing on the merits." Willey, 2006 VT 106, ¶ 25. Here, however, the enforcement hearing occurred five months after the divorce, and, as noted, husband claimed a significant change in his financial circumstances. Accordingly, we conclude that the trial court erred in automatically awarding attorney's fees without any consideration of the parties' ability to pay or the reasonableness of the fees, and remand for reconsideration of the issue.

Reversed and remanded on reasonableness of attorney's fees for the enforcement motion and ability to pay them. Affirmed in all other respects.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice