*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-145

NOVEMBER TERM, 2015

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Bennington Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Mario Foley | } | DOCKET NO. 949-7-02 Bncr |

Trial Judge: David A. Howard

In the above-entitled cause, the Clerk will enter:

Defendant appeals from the trial court's order finding him in violation of probation. He asserts that his violation stemmed from factors beyond his control. We affirm.

In August 2004, defendant pled guilty to one count of sexual assault and two counts of prohibited acts. He received a three-year deferred sentence for the sexual assault conviction, and two six-to-twelve-month sentences, all suspended, for the prohibited acts convictions. In March 2007, defendant admitted violating probation, and the court imposed a three-to-ten-year sentence, all suspended but six months, for the sexual assault conviction, and two six-to-twelve-month sentences, all suspended, for the prohibited acts convictions.

In January 2014, a probation-violation complaint was filed alleging that defendant failed to attend and complete sex offender screening and counseling, as directed, to the satisfaction of his probation officer. Following a hearing, the court concluded that defendant violated probation. The court made the following findings. Consistent with the terms of his probation, defendant was asked to meet with a clinical social worker who had sex offender programming experience and practice for the purpose of screening and determination of counseling needs. The social worker met with defendant, and determined that further counseling was not possible because defendant totally denied committing the underlying offenses. During the intake meeting, defendant criticized the prosecution and the victims, and called the victims derogatory names. He suggested that he was the victim. Defendant indicated that he would consider counseling only to avoid jail.

The court noted that the social worker had used terms such as "delusional" in describing his dealings with defendant. Defendant argued that this was evidence of his inability to engage in counseling due to psychiatric issues. The court rejected this argument. It found that the social worker used this term to describe defendant's absolute denial of guilt and responsibility, not as a medical label suggesting that defendant was incompetent to deal with counseling.

The court noted that defendant had pled guilty to avoid a trial and was back to his denial that he had done anything wrong. The court further found that defendant's probation officer had gone over the probation conditions with defendant and explained why the conditions were necessary. Even in his interactions with the probation officer, defendant indicated that he did not need such programing because he had not done anything wrong and that he had already done what he needed to do. Defendant had reluctantly gone to meet the social worker, believing he should be off of probation. The court found that defendant understood why he needed to see the social worker, and his failure to move forward with programming and counseling was due to his adamant denial of any responsibility and not to a disability. The court observed that defendant had previously violated probation, and thus, he had additional knowledge of what was expected of him and why.

Following a sentencing hearing, where defendant again denied committing the crimes for which he was convicted, the court revoked defendant's probation and ordered him to serve the underlying sentence of three-to-ten years. This appeal followed.

Defendant agrees that he was required to attend sex offender screening and counseling as a condition of probation, and that he did not comply with this condition. He maintains, however, that his failure to comply resulted from factors beyond his control. As support for this argument, he cites to the social worker's testimony that he did not continue with the screening because of defendant's agitation, delusional and paranoid thinking, and noticeable decompensation.[1] Defendant maintains that it was impossible for him to accept responsibility for his underlying offenses due to mental impairments, and that he cannot comply with the probation condition, now or ever.[2]

Having conceded that he violated probation, the burden of persuasion shifted to defendant "to prove that his failure to comply was not willful but rather resulted from factors beyond his control and through no fault of his own." State v. Austin, 165 Vt. 389, 398 (1996) (quotation, ellipses, and brackets omitted). The trial court found that defendant did not meet his burden of persuasion, and it did not err in so concluding. See id. (on review, trial court's factual findings will stand if fairly and reasonably supported by any credible evidence; court's legal conclusions will stand if reasonably supported by findings). The social worker testified about his

---

[1] Defendant also cites to the social worker's written summary of his meeting with defendant in which the social worker indicated his suspicion that defendant suffered from "a paranoid delusional state," and suggested that this be explored and ruled out as a factor contributing to his current denial and unsuitability for outpatient community sex offender treatment. This document was not admitted into evidence at trial, and we thus do not consider it.

[2] On appeal, the State's primary argument is based on the conclusions reflected in a competency evaluation performed by an expert in this case. The State asserts that this report is "part of the record." The trial court docket entries reflect that a psychiatric report was filed with the court over six months before the merits hearing on the VOP. However, the report was not entered into evidence at the VOP merits hearing, the expert did not testify, and the trial court made no findings suggesting that it nonetheless considered the report. We do not agree that the substance of the report is a proper basis for appellate argument on the merits of the VOP, and do not consider the State's arguments based on that report.

interactions with defendant, and his conclusion that defendant was not an appropriate candidate for treatment. He explained that to be admitted to the treatment program, defendant was required to take responsibility for his actions, and defendant refused to do so. When asked why he was not willing to explore the possibility of a few sessions with defendant, the social worker responded that "given [defendant's] vehement denial of his underlying offense, his anger and frustration, and the fact that he said he wasn't even going to sit in the same room as anybody who had ever committed a sex offense made it impossible to move forward."

Defendant told the social worker that he had been the subject of human trafficking, that he was a victim, and that there was a conspiracy underlying his prior violation of probation. Although the social worker used the words "delusional" and "paranoid" in discussing his interaction with defendant, the social worker made clear, in response to questions from the court, that defendant plainly knew why he was at the screening, he understood that they were discussing a sexual offender treatment program, and he was oriented to person, place, and time. Defendant's probation officer also testified that defendant understood what was going on, but he simply disagreed with it and did not want to engage in counseling. The trial court acted well within its discretion in rejecting the notion that by using the word "delusional," the social worker had not intended to imply that defendant was incompetent, and instead finding that the social worker used the term to describe defendant's flagrant denial of committing any illegal acts, despite three criminal convictions. See, e.g., Bruntaeger v. Zeller, 147 Vt. 247, 252 (1986) ("It is the province of the trial court to determine the credibility of witnesses and weigh the persuasive effect of the evidence."). The court did not err in concluding that defendant did not prove his failure to move forward with programming and counseling due to his adamant denial of any responsibility was the result of factors beyond his control.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

3