*Note:  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-351

MARCH TERM, 2016

| | | |
|---|---|---|
| Lindsey Hunter | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Rutland Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Kevin David Moffit | } | DOCKET NO. 53-8-15 Rdsa |

Trial Judge: Cortland Corsones

In the above-entitled cause, the Clerk will enter:

Defendant appeals from the trial court's issuance of an anti-stalking order, directing him to stay away from plaintiff and her children.  Defendant argues that certain findings are not supported by the evidence, and that the court's findings do not support its conclusion.  We affirm.

Plaintiff sought a civil restraining order against defendant in August 2015, alleging that he was stalking her.  The law defines "stalk" as engaging "in a course of conduct which consists of following or lying in wait for a person, or threatening behavior directed at a specific person," where the behavior "serves no legitimate purpose . . . and would cause a reasonable person to fear for his or her safety or would cause a reasonable person substantial emotional distress."  12 V.S.A. § 5131(6).  Both plaintiff and defendant testified at the final hearing.[*]  At the close of the hearing, the court granted plaintiff's request for a restraining order.

The court found plaintiff to be a very credible witness.  Based on her testimony, it found that defendant had been following her around over a course of years, beginning when plaintiff was fifteen years old.  At that time, defendant would drive by plaintiff's house frequently, wait until her father left for work, and then ride his bike by the house, waving, and yelling things at her.  He did not physically harm plaintiff.  Subsequently, however, defendant assaulted other people at plaintiff's workplace, which caused plaintiff concern for her own welfare.  Plaintiff left Vermont to attend college, and she was gone for four years.  When she returned to Vermont, defendant resumed his behavior.  He followed plaintiff around.  He lingered at her workplace for no apparent reason other than to be near her, including sitting inside and outside of her workplace. Most concerning to the court, defendant had recently followed plaintiff to a yard sale for no apparent purpose other than to follow her.  When plaintiff left the yard sale, defendant also left and continued to follow her.  About two weeks prior to the hearing, defendant jumped out of the bushes near plaintiff's car as she exited work.  This caused plaintiff additional concern.

---

[*] Both plaintiff and defendant were pro se below.  Defendant is represented by counsel in this appeal.

Based on its findings, the court concluded that defendant had been following plaintiff, defined by statute as "maintaining over a period of time a visual or physical proximity to another person in such manner as would cause a reasonable person to have fear of unlawful sexual conduct, unlawful restraint, bodily injury, or death." Id. § 5131(2). While defendant had not physically harmed plaintiff, the court found that his behavior appeared obsessive. He had attacked other people in plaintiff's workplace, and given this, as well as his obsessive behavior, his following of plaintiff, and the fact that this had gone on for years, including when plaintiff was a juvenile, the court concluded that a reasonable person in plaintiff's position would fear bodily injury. The court thus granted plaintiff's request for relief, and issued an order directing defendant to stay away from plaintiff and her children. This appeal followed.

Defendant first challenges certain findings as having "little to no support in the record." This includes the court's findings that: defendant had assaulted others at the store where plaintiff works; defendant would linger at plaintiff's work for no apparent reason; defendant would sit outside of plaintiff's work; defendant "jumped out of the bushes" near plaintiff's car; and defendant "followed her to a yard sale for no apparent purpose." Defendant also complains that the court relied upon its own characterization of his behavior as being obsessive, and that it ignored evidence in his favor. Finally, defendant argues that the court's findings were insufficient to support its decision.

We begin with the court's findings, all of which are supported by the record. See Mullin v. Phelps, 162 Vt. 250, 260 (1994) (explaining that on review, "[f]actual findings are viewed in a light most favorable to the prevailing party, disregarding modifying evidence," and findings will not be disturbed unless appellant shows that "there is no credible evidence" to support them (quotations omitted)). Plaintiff testified, without objection, that there were incidents at the store where she worked where defendant assaulted people inside and outside of the store. The court could find by a preponderance of the evidence that defendant assaulted others at the store, regardless of whether defendant was also convicted of the crime of assault, which involves a much higher standard of proof. Plaintiff also testified that when she returned to Vermont and began working at a deli, defendant immediately began walking around the deli, coming into the store and looking for her, staying in the store for an extended period of time when there was no need for him to be in there, to the point where plaintiff's boss would have plaintiff sit in the office when defendant was in the store. Plaintiff stated that defendant sits outside of her new workplace for hours on end. This testimony supports the court's findings that defendant was lingering at plaintiff's work and sitting outside her workplace for no apparent reason. Finally, plaintiff testified that defendant "jumped" out of the bushes, and she testified about defendant's actions at the yard sale. Again, plaintiff's testimony supports the court's findings on these points.

The court did not ignore defendant's evidence in reaching its decision, as defendant asserts. It simply found defendant's evidence unpersuasive. "It is the province of the trial court to determine the credibility of witnesses and weigh the persuasive effect of the evidence." Bruntaeger v. Zeller, 147 Vt. 247, 252 (1986). Based on its findings, moreover, the court could fairly characterize defendant's behavior as obsessive.

Defendant argues that the findings do not support the court's conclusion. In support of this assertion, he cites two criminal cases, State v. Hinchcliffe, 2009 VT 111, 186 Vt. 487, and State v. Ellis, 2009 VT 74, 186 Vt. 232, and argues that his behavior was less threatening than the behavior at issue in those cases. In Hinchcliffe, the defendant repeatedly phoned and sent text messages to his ex-wife. The calls were negative and the defendant was often angry. The defendant also stopped by the victim's house and angrily confronted her. The victim testified

2

that she was afraid of defendant, particularly given that he had assaulted another woman in the past. We affirmed the defendant's stalking conviction on appeal, emphasizing that the State did not need to prove that the defendant specifically threatened the victim or that the victim actually feared bodily harm. Hinchcliffe, 2009 VT 111, ¶ 21. In Ellis, we concluded that a high school student's obsessive behavior toward another student did not constitute stalking under 13 V.S.A. § 1062. We acknowledged that obsessive behavior, without threats or attempted acts of violence, could cause a reasonable person to fear unlawful restraint, but concluded in that case that the defendant's actions did not rise to the necessary level. 2009 VT 74, ¶ 26. We were particularly mindful of the fact that the parties were in high school and that the defendant's behavior, while inappropriate, was "more awkward than deliberate." Id. ¶ 31.

These cases do not support reversal of the court's decision here. First, these are criminal cases where the standard of proof is beyond a reasonable doubt, rather than a preponderance of the evidence. See 12 V.S.A. § 5133(d)(1). Unlike Ellis, moreover, defendant is an adult, not a high school student, and there was evidence here that defendant committed violent acts against others at plaintiff's workplace. We found similar evidence of past violent acts compelling in Hinchcliffe. We agree with the trial court that this evidence, combined with defendant's longstanding, persistent, following behavior, as detailed above, would cause a reasonable person in plaintiff's position to fear bodily harm. We find no error in the court's decision.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

3