VERMONT SUPERIOR COURT

Franklin Unit
17 Church Street
St. Albans VT  05478
802-524-7993
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 22-CV-02493

---

**Superior Technical Ceramics Corp. v.  Specialty Seal Group, Inc.**

---

## ENTRY REGARDING MOTION

Title:        Motion for Attorney's Fees and Court Costs (Motion: 7)
Filer:         Jennifer E. McDonald
Filed Date:   February 01, 2024

The court grants the motion in part. The contract between the parties clearly entitles Plaintiff to recover attorney's fees. The court notes, however, that Plaintiff has not sufficiently supported the attorney's fees. Counsel first submitted a five-paragraph affidavit that set forth a gross figure for fees incurred and baldly asserted, with no backup or detail, that that figure "is usual and reasonable for a Vermont civil dispute." This falls well short of the required showing. *See Ring v. Carriage House Condo. Owners' Ass'n*, 2014 VT 127, 198 Vt. 109, ¶ 21 ("We decline to diverge from the lodestar method in cases involving contractual provisions on attorney's fees or to abandon our general principles placing upon the requesting party 'the burden to provide evidence of services upon which value can be determined' . . . . "). When challenged by Defendant to make the kind of showing contemplated by well-settled law, Plaintiff persisted in arguments that are untenable (and in some respects irrelevant). Further, while it submitted a supplemental affidavit, that affidavit still fell short of providing all the information needed to allow the court to determine the reasonableness of the fee request.

In its discretion, the court declines to prolong the process, and so increase costs and delay all around, by allowing Plaintiff a third bite at the apple. Instead, it notes that Defendant has graciously conceded the reasonableness of most of the fees sought (just as, evidently, it declined to contest motions that were clearly meritorious). The court therefore will restrict its scrutiny to those aspects of the fee request that Defendant has challenged.

Defendant first questions the charges asserted for preparation, filing, and service of suit papers. Plaintiff's supplemental affidavit asserts that Plaintiff's counsel spent 6.3 hours on this

work, while her paralegal spent 4.5 hours. Plaintiff, citing work product concerns, declined to provide any detail to support these assertions; thus, the court is left to review Plaintiff's filings and attempt to determine the reasonableness of the time spent in preparing, filing, and serving them. The speculative nature of this exercise alone would be enough to support a wholesale rejection of these charges. *See Bruntaeger v. Zeller*, 147 Vt. 247, 254 (1986) ("While it is true that the determination of 'reasonable attorney fees' is largely within the court's discretion, counsel has the burden to provide evidence of services upon which value can be determined."). Instead, the court, in its discretion, reduces the fees sought here to reflect its best approximation, based on the evidence that is available, as to fees that appear reasonable for this category of work. It notes that the complaint and amended complaint are not unusually complex, and that effecting service is largely ministerial, such that 6.3 hours of director time at $355 per hour seems excessive; a more reasonable charge would be 4 hours for this category. Similarly, without more explanation through time records or otherwise, 4.3 paralegal hours seems grossly excessive (particularly 2.5 hours at $180 per hour for preparing a simple motion to extend the time for service); here, a more reasonable charge would be 2 hours at $160 per hour. Thus, in this category, the court reduces the requested fees by $1,296.50.

Next, Defendant contests the reasonableness of the fees charged for summary judgment practice. Here, again, Plaintiff's supplemental affidavit baldly asserts that it incurred 3.4 hours of director time, at $375 per hour, and 35.5 hours of associate time, at $210 per hour, in this exercise. Again, with no detail to support these assertions, the court is left with no basis to evaluate the reasonableness of these charges except the summary judgment papers themselves. These papers do not support the reasonableness of the amount sought; $8,662.00 for a fairly simple and straightforward motion seems excessive. Again, rather than rejecting the assertion out of hand as insufficiently supported, the court, in its discretion, determines that a reasonable charge for the motion for summary judgment would have been $5,000.00, and so reduces the request by $3,662.00.

Finally, Defendant contests any award for work related to Plaintiff's supplemental submission in support of the attorney's fees request. As Defendant properly notes, this work was necessitated entirely by the complete inadequacy of Plaintiff's initial submission. This inadequacy, in turn, increased costs to a defendant that has shown itself willing, on several occasions, to accede to reasonable submissions. Moreover, as noted above, the supplemental

submission itself fell short of what is required to support an award of attorney's fees. The court declines to reward such practice. It will allow no recovery for fees incurred with respect to the supplemental submission.

## **<u>ORDER</u>**

The court grants the motion in part. Plaintiff is entitled to recover reasonable attorney's fees in the amount of $23,284.50, plus costs in the amount of $671.25. Final judgment will enter forthwith.


Electronically signed pursuant to V.R.E.F. 9(d): 4/19/2024 12:29 PM

Samuel Hoar, Jr.
Superior Court Judge