Northgate Housing Ltd. v. Massie, No. S1045-03 CnC  (Norton, J., Jan. 31, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                                    SUPERIOR COURT
Chittenden County, ss.:                           Docket No.S1045-03 CnC

NORTHGATE HOUSING LTD.

v.

MASSIE

ENTRY

Plaintiff landlord filed a two-count complaint against defendant tenants alleging that tenants breached their lease agreement and making an anticipatory claim that tenants' failure to pay landlord's attorneys' fees would be an additional breach of the lease.  Count II, landlord's claim for anticipatory breach, was dismissed by an order dated January 6, 2004.  In that order, the court stated that there was "[n]o need for a separate cause of action for atty fees.  Such fees are normally dealt with as costs after trial."

Northgate Hous. Ltd. P'ship v. White, Docket No. S1046-03 CnC (Katz, J., Jan. 6, 2004). Landlord now moves for summary judgment on the remaining claim of back rent as well as for other damages and attorneys' fees. Tenants' opposition to this motion does not dispute any of the facts alleged by landlord. For the reasons stated below, landlord's motion for summary judgment is granted.

Summary judgment is granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any . . . show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3). In determining whether a genuine issue of fact exists, the nonmoving party receives the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15. Allegations to the contrary must be supported by specific facts sufficient to create a genuine issue of material fact. Id.

## FACTS

The following facts are undisputed. Tenants rented their apartment from landlord under the terms of a lease effective April 1, 2001. In July of 2003, landlord sought to terminate the lease after tenants failed to sign a lease amendment and alleged violated the terms of the lease. Subsequently, landlord brought this action for ejectment in August 2003. Tenants responded with counterclaims. In September, tenants told landlord that they would be terminating their lease as of November 30, 2003. Tenants failed to vacate the apartment after November 30. They continued to occupy the apartment and made three further representations to landlord between December 2003 and March 2004 that they would be moving out. Each time tenants failed to do so and occupied the apartment until

voluntarily vacating it on April 2, 2004.

Based on the initial move-out date provided by tenants, landlord made an agreement to rent the Apartment to another party as of December 1, 2003. When tenants did not vacate the Apartment by the end of November, landlord made other arrangements for the incoming tenants.

At some point, tenants stopped paying rent in 2004 and owe landlord for back rent. Landlord has retained a security deposit in the amount of $263.19. Landlord also claims physical damages to the apartment. In the course of prosecuting, landlord has expended sheriffs' fees of $85.52, court costs of $150.00 and attorneys' fees of $4,526.40.

## DISCUSSION

Landlord's original claim was an ejectment against tenants. See 12 V.S.A. §§ 4761–4926. Since tenants no longer have possession of the apartment, the legal issues now revolve around landlord's ability to recover damages, attorneys' fees, and costs associated with this case.

<u>Damages</u>

Landlord's affidavit accompanying its motion for summary judgment indicates that tenants owe $1,794.00 in unpaid rent. Tenants do not dispute this amount. Landlord also claims $102.00 in physical damages. The nature or cause of these damages is not specified. Tenants, however, do not controvert or submit any evidence to dispute any of the landlord's claims. The back rent and damages are therefore undisputed and recoverable by law. 12 V.S.A. § 4765. These will be offset by the security deposit landlord has reatined.

Attorneys' Fees

An award of attorney's fees is proper to the extent that the parties have contracted for an exception to the general rule that parties pay their own attorney's fees. DJ Painting, Inc. v. Baraw Enterprises, Inc., 172 Vt. 239, 246 (2001) (parties, by contract, can except from the "American Rule"). Here, § 35 of the lease agreement signed by tenants in April 2001 provides that:

> If the Resident acts in violation of this Lease Agreement, and the Owner incurs expenses due to said violation, the Owner shall be entitled to recover from the Resident reasonable fees whether or not a lawsuit has begun including, but not limited to, reasonable attorney's fees, sheriff's fees, court filing fees, postage and copying fees, together with any damages or any other costs and expenses actually incurred.

By its terms, this provision applies only when tenants have violated the lease and not necessarily when litigation begins. Landlord first brought its complaint in August 2003, alleging that tenants had violated the lease by failing to sign an amendment. The landlord's affidavit for summary judgment, however, does not address this alleged breach. There is, in fact, a shortage of proof that the tenants were in violation of the lease at the beginning of this case. For example, § 23 (E) of the lease says that a lease is effectively terminated for failure to accept an amendment only "at the end of any initial or successive term." Neither landlord nor tenant has provided any evidence of when tenant's term ended and whether the August action was brought in a timely manner.

In contrast to this lack of evidence regarding the initial breach,

landlord has sufficient evidence to establish a violation of the lease beginning after November 30, 2003. On October 28, 2003, tenants gave notice that they were voluntarily terminating the lease and moving out as of November 30, in conformance with § 2 of the lease. When tenants failed to move out, their misrepresentation caused landlord to incur expenses in finding alternative housing for its new tenants and violated § 30(A) of the lease agreement. ("Upon termination of this Lease, the Resident will surrender and deliver up the unit together with any improvements, additions, or alterations to such unit, free of all occupants and Residents . . ."). This evidence shows that tenants were in violation of the lease after November 30, 2003 for failure to surrender and deliver up the apartment. Landlord, therefore, is entitled to reasonable costs and attorneys' fees incurred after that date.

Tenants assert that the legal fees provision of the lease is prohibited by HUD rules. Tenants cite to a HUD handbook for this proposition. Tenants have not shown, however, the legal foundation—whether in federal law or regulation or elsewhere—for the handbook's prohibition. Furthermore, tenants have not shown the applicability of HUD rules to the lease at issue. To the contrary, landlord's attorney has suggested that tenants were not HUD subsidized residents and therefore not subject to HUD regulations.

Tenants also argue that attorneys' fees should not be awarded because the claim is premature until landlord prevails either on summary judgment or at trial. As the present entry disposes of this case, however, the award of attorneys' fees is now appropriate.

Courts must award attorney's fees based on the specific facts of each case. L'Esperance v. Benware, 2003 VT 43, at ¶21. In this case, landlord's

5

attorney submitted detailed billing worksheets with its motion for summary judgment. Landlord incurred $2,653.73 in attorneys' fees related to this case after November 30, 2003. This figure corresponds to attorney's discounted hourly rate and number of hours worked. Tenants do not dispute the reasonableness of the individual fees. The court finds these fees to be reasonable and a result of tenants violation of the lease agreement.

Costs

Landlord's Statement of Material Facts lists court filing fees in the amount of $150.00 and sheriffs' fees of $85.52. Awarding costs to a prevailing party in a civil action is a matter of discretion. Jordan v. Nissan N. Am., Inc., 2004 VT 27, ¶ 16. See also V.R.C.P 54(d)(1); 12 V.S.A. § 4765 (in an action of ejectment "plaintiff may recover damages . . . with costs."). In this case, § 35 of the lease agreement provides that landlord is entitled to recover costs when tenants act in violation of the lease. As discussed above with respect to attorneys' fees, the court finds that tenants were in violation of the lease agreement after November 30, 2003. Because all court costs and sheriffs' fees expended by landlord were prior to November 30, 2003, no costs will not be awarded. Although the court could exercise its own discretion in awarding these costs, it declines to do so.

**ORDER**

Accordingly, Plaintiff Northgate Housing Limited Partnership's motion for summary judgment is granted. Plaintiff is awarded $1,632.81 in unpaid rent and damages ($1,794 (rent) plus $102 (damages) minus $263.19 (security deposit)). Plaintiff is further awarded $2,653.73 in attorneys' fees.

Dated at Burlington, Vermont this ___ day of January, 2005.


_____

Presiding Judge