*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-469

APRIL TERM, 2013

| | | |
|---|---|---|
| Becky P. Nystrom, Scott Nystrom and Laurie Nystrom | } | APPEALED FROM: |
| | } | |
| | } | |
| | } | Superior Court, Windham Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Casey J. Hafford | } | DOCKET NO. 566-10-10 Wmcv |

Trial Judge: John P. Wesley

In the above-entitled cause, the Clerk will enter:

Defendant Casey Hafford appeals pro se from the trial court's order, following a remand, that denied his request for attorney's fees. We affirm.

The facts underlying this dispute are set forth in Nystrom v. Hafford, 2012 VT 60. Briefly restated, plaintiff Becky Nystrom sought to partition real property that she jointly owned with defendant. Defendant moved to join Becky's parents in the action as they had advanced labor, materials, and money to construct the house in question. Parents then raised claims against defendant for breach of contract and unjust enrichment, and father raised a claim under the Prompt Pay Act (PPA). Following a bench trial, the court assigned Becky the property contingent on her paying defendant a certain sum. The court rejected father's PPA claim for payment for his work on the house, but entered judgment in parents' favor for $33,048 they had contributed out-of-pocket for the project. It denied defendant's request for attorney's fees.

In his first appeal, defendant argued that he was entitled to attorney's fees under the PPA. We remanded to the trial court for the limited purpose of considering defendant's attorney's fee claim. In reaching our conclusion, we found that father's PPA claim was based solely on his labor in constructing the house, and that the remaining claims in the case did not arise from a common core of facts. We indicated that, on remand, the "trial court should make a reasonable effort to award [defendant] legal fees associated with father's PPA claim for reimbursement for labor in connection with the construction project, as well as any other claims by father resting on the same core set of facts." Id. ¶ 25.

The trial court directed defendant to present his claim for attorney's fees with references to the record to support the claimed amount. Defendant filed a short response, and included an affidavit from his trial attorney and counsel's itemized billings from January 1, 2011 through August 31, 2012, totaling $46,579.50. According to counsel, defendant estimated that at least 75% of the total bill, or $37,469.85, was directly attributable to the successful defense of father's PPA claim and related claims for his labor because they involved a majority of the counts in plaintiffs' amended complaint, they hindered the settlement of the case at mediation, and they complicated the case thereafter. Father challenged the sufficiency of defendant's filing, arguing

that defendant failed to cite a single reference in the record directly related to the PPA claim and that he thereby failed to comply with the court's order. Father maintained that it was not his burden to search counsel's billings or decipher the entries for references to the defense of the PPA claim, or specific references to parents. Father indicated that $2276 in attorney's fees might be appropriate, but he nonetheless asked court to deny defendant's claim for lack of any demonstrated support in the record.

Defendant filed a supplemental memorandum in support of attorney's fees, but he offered no further specificity as to which items of the billings he claimed to be directly related to the defense of the PPA claim, or any other aspect of the case concerning father's claim for the value of his labor. Defendant did not respond to father's suggestion that $2276 in fees might be supportable. Instead, defendant asserted that it was "difficult, if not impossible, to say with mathematical certainty how much time was due solely to [father's] labor claims." He maintained that "all the claims arose from the same common core of facts concerning the costs of construction of the house and whether there was a gift made in contemplation of marriage."

The court found that defendant failed to establish his entitlement to fees. His claim for 75% of counsel's fees was wholly unsupported by any reference to the record. He made no effort to relate his analysis to any of the contemporaneous records of his invoices for legal services provided. He did not supply a trial transcript or any deposition transcripts to bolster his claim that the substantial portion of the evidence related to a common core of facts associated with the PPA count. Instead, his analysis appeared to be confined to the observation that the requested award was reasonable because a majority of the claims in the amended complaint involved father's claims for funds advanced for construction and his labor, and that the amount of his claim for labor far exceeded the other amounts claimed by the parties. The court found this logic unpersuasive, particularly as it had no support in the record. The court also rejected defendant's assertion that it "could in fact award him all of his attorney's fees due to the common core of facts." The court found this assertion directly contrary to this Court's opinion. See id. ¶ 22.

In reaching its conclusion, the court recognized that defendant did not need to support his claim with absolute mathematical precision, and that some degree of approximation was likely inescapable. Nonetheless, defendant's extravagant claim made in apparent derogation of this Court's opinion, as well as trial court's prior characterization of the allocation of trial time, afforded no rational framework for further refinement of his fee petition except by resort to rank guesswork. The court noted that defendant did not endorse father's suggested approach as to which billings might be attributable to the defense of the PPA claim, and it declined to find that defendant could meet his burden of proof through father's speculative suggestions. Defendant was required to establish a reasonable basis from which the court could make a determination of fees. Because he offered no approach other than the unsupported and unreasonable estimate of 75% of the total billing, the court denied his claim. This appeal followed.

On appeal, defendant argues that he offered adequate support for his fee request. He maintains, as he did below, that father's claim for his labor hindered the case from the beginning. He states that he is entitled to an award of attorney's fees as a matter of law. Defendant also suggests that the court could have used the lodestar analysis to determine attorney's fees. Defendant asks that he be awarded $37,469.85 or, alternatively, all of his attorney's fees.

We find no error in the court's decision. See Fletcher Hill, Inc. v. Crosbie, 2005 VT 1, ¶ 3, 178 Vt. 77 (Supreme Court reviews "trial court's ruling on attorney's fees . . . for abuse of discretion). As set forth above, defendant failed to provide the trial court with any reasonable

2

basis from which to determine an appropriate attorney's fee award. His claim for 75% of his total fees was unreasonable and not supported by any specific references to the record. His general assertion that father's claim for his labor "hindered the case from the beginning" does not suffice. As we made clear in our prior decision in this case, moreover, father's claim for labor did not share a common core of facts with the principal claims in the case. See Nystrom, 2012 VT 60, ¶ 22. The lodestar approach is of no avail because the court had no way to determine the number of hours reasonably expended by counsel in response to father's claim for labor. See L'Esperance v. Benware, 2003 VT 43, ¶ 22, 175 Vt. 292 (stating that, in determining the reasonableness of a fee award, courts must begin with the lodestar figure, which is the number of hours reasonably expended on the case multiplied by a reasonable hourly rate). To be entitled to attorney's fees, defendant needed to provide the court with some mechanism by which it could ascertain a reasonable award, and he failed to do so here. His fee request was therefore properly denied.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice


_____
Brian L. Burgess, Associate Justice


_____
Beth Robinson, Associate Justice