*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-136

AUGUST TERM, 2016

| | | |
|---|---|---|
| Charles Chandler | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Windham Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Rutland Herald Publishing, et al. | } | DOCKET NO. 104-3-15 Wmcv |

Trial Judge: Mary Miles Teachout

In the above-entitled cause, the Clerk will enter:

Plaintiff Charles Chandler appeals pro se from a trial court order awarding attorney's fees and costs to defendant Rutland Herald Publishing. Plaintiff raises a number of claims relating to the merits of the underlying judgment in favor of defendant, and also asserts that the award of attorney's fees was unreasonable. We affirm.

This is the second appeal to reach the Court in this matter. In the first, we affirmed a trial court order striking plaintiff's libel complaint against defendant pursuant to the anti-SLAPP (Strategic Lawsuit Against Public Participation) statute, 12 V.S.A. § 1041. Chandler v. Rutland Herald Publ'g Co., No. 2015-265, 2015 WL 7628687 (Vt. Nov. 19, 2015) (unpub. mem.). Thereafter, the trial court awarded attorney's fees and costs to defendant totaling $32, 266.73. This second appeal from that award followed.

The bulk of plaintiff's claims challenge the trial court order granting defendant's motion to strike pursuant to the anti-SLAPP statute. As noted, however, this Court affirmed that order on appeal, and the judgment is final. As such, plaintiff's claims are barred. See Whippie v. O'Connor, 2011 VT 97, ¶ 7, 190 Vt. 600 (mem.) (holding that questions raised and decided in first appeal "will not be revisited in this second appeal"); Lamb v. Geovjian, 165 Vt. 375, 380-81 (1996) (noting that res judicata bars litigation of claims that were or should have been raised in previous litigation where parties and subject matter are identical).

Plaintiff also challenges the award of attorney's fees. As the prevailing party on the motion to strike, defendant was entitled as a matter of right to an award of attorney's fees and costs under the anti-SLAPP statute. See 12 V.S.A. § 1041(f)(1) ("If the court grants the special motion to strike, the court shall award costs and reasonable attorney's fees to the defendant."). In making such an award, the court typically calculates a "lodestar" amount by determining the number of

hours reasonably expended on the case multiplied by a reasonable hourly rate, and then adjusting that figure up or down depending on a variety of factors. L'Esperance v. Benware, 2003 VT 43, ¶ 22, 175 Vt. 292. We accord the trial court "wide discretion" in making that determination, id. ¶ 21, and will not reverse its decision "absent an abuse of discretion." Id. ¶ 28.

The record here shows that defendant's attorneys presented the court with itemized billing records detailing the time and work expended on the case, supported by the affidavit of its lead counsel, an experienced litigator, and the court's award reflects the total fees incurred. Although plaintiff summarily asserts on appeal that the fees were "undocumented," unrelated to the motion to strike, "fraudulent," and "unreasonable," the assertion is unsupported by any persuasive argument, citation to the record, or legal authority. To the extent plaintiff has presented on appeal purported evidence concerning the reasonableness of the fees that plaintiff never proffered to the trial court, it is not part of the record and we do not consider it. We discern no abuse of discretion, and no basis to disturb the judgment.*

---

\* We note that appellee Rutland Herald asserts that this Court should exercise its authority under V.R.A.P. 2 to suspend the normal rules of appellate procedure in order to immediately award appellee its attorney's fees incurred on appeal. We decline the Rutland Herald's request that we suspend the ordinary rules of appellate procedure pursuant to V.R.A.P. 2 with respect to attorneys' fees in connection with this appeal. Any claims for attorneys' fees, costs, and nontaxable expenses may be made in the superior court pursuant to the requirements of V.R.A.P. 39.

We further note that, while the appeal was pending, the parties filed cross-motions for sanctions. The Rutland Herald contends that Chandler committed a fraud on this Court by filing "fabricated evidence" with his docketing statement and including it in his printed case. The "evidence" consists of a copy of an engagement letter from the Rutland Herald's attorney stating that current rates for his firm's attorneys "range from $275 to $424 per hour" and that his hourly rate is $350. The copy contains a handwritten "x" across $450 and $350, and what appear to be the initials "MBB" next to each cross-outed figure, which, according to the Rutland Herald, represent the initials of its attorney Matthew B. Byrne. The Rutland Herald also notes that Chandler appears to have redacted the date of publication from the Rutland Herald article that he attached to his complaint in this matter, although it does not appear to predicate its request for sanctions on this alleged fraud. The Rutland Herald asserts that this Court should exercise its "inherent" authority to order that Chandler submit to discovery concerning his financial circumstances as a predicate to an award of sanctions. Chandler filed a response to the motion, denying any fraud and seeking sanctions against the Rutland Herald for a variety of alleged misconduct.

While the modified engagement letter submitted by Chandler raises concerns about improper tampering, it was not submitted as part of the trial record and was not considered as such by this Court, and Chandler's accompanying affidavit does not reference the letter or make any representation that the handwritten amendments were part of the original letter. While we remain vigilant in condemning and, where necessary, sanctioning any conduct that threatens the integrity of the judicial process, we are not absolutely persuaded that Chandler's conduct was an unequivocal attempt to mislead the Court rather than a clumsy effort to make a point about his

2

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

---

view that the attorney's fees charged by the Rutland Herald's attorneys were inflated. Chandler's claim for sanctions is entirely unsupported. Accordingly, the parties' motions for sanctions are denied.