*Cegalis v. VT Digger*, 13-1-17 Wncv (Teachout, J., Dec. 6, 2017)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                        **CIVIL DIVISION**
**Washington Unit**                                       **Docket No. 13-1-17 Wncv**

**KAREN CEGALIS**
    **Plaintiff**

        **v.**

**ELIZABETH HEWITT, ANN GALLOWAY,**
**VERMONT JOURNALISM TRUST d/b/a**
**VTDIGGER**
    **Defendants**

### DECISION
### Defendants' Motion for Costs and Fees

On May 8, 2017, the court granted Defendants' special motion to strike Ms. Cegalis's complaint as a violation of 12 V.S.A. § 1041, Vermont's anti-SLAPP (Strategic Lawsuit Against Public Participation) statute. The court then granted Defendants' motion for fees and costs, 12 V.S.A. § 1041(f)(1), in principle but requested more information as to the amounts sought. Counsel for Defendants responded with more detailed billing records. Ms. Cegalis has objected to the requested attorney fees as "exorbitant."

"In calculating [a statutory] award of attorney's fees, the court looks to the 'most useful starting point,' the 'lodestar figure,' by determining the number of hours reasonably expended on the case multiplied by a reasonable hourly rate, and then adjusting that fee upward or downward based on various factors. These factors include, among others, the novelty of the legal issue, the experience of the attorney, and the results obtained in the litigation." *L'Esperance v. Benware*, 2003 VT 43, ¶ 22, 175 Vt. 292 (citations omitted).

Defendants seek a total of $17,760 in fees and $271.17 in costs. As for fees, Defendants seek $5,220 for work performed by their Vermont counsel, Attorneys Richard Cassidy (16 hours x $300/hour) and his associate Mathew Shagam (2.8 hours x $150/hour). They seek $12,540 for work performed by their Boston counsel, Attorney Timothy Cornell (41.8 hours x $300/hour). See affidavits of Attorneys Cassidy and Cornell, attached to Defendants' Motion for Costs and Fees (filed May 22, 2017).

The court accepts $300/hour as a reasonable rate in a case of this sort for experienced counsel such as Attorneys Cassidy and Cornell. Other circumstances support a substantial reduction in the number of hours billed.

Defendants justify their claimed fees as follows. They declined to defend this suit through their insurer, which might have settled it. Instead, they "bet the company" on private counsel, risking claimed damages of $500,000, to avoid potential injunctive relief and to press

their First Amendment rights.  They further argue that the complaint included 14 separate claims, each of which required "deep national research."  They also claimed to need to research the anti-SLAPP statute historically and nationally.

Ms. Cegalis asserted a straightforward defamation claim based on an article posted on the VTDigger website.  She attempted—pro se—to plead the alleged defamation injury as well as related claims, but all would rise and fall together vis-à-vis the motion to strike.  Defendants apparently were confident that the motion to strike would succeed and advised Ms. Cegalis of the attorney fee provision before she filed suit.

Defendants' motion to strike was successful.  Nonetheless, the case was resolved on statutory grounds and presented no complex legal issues.  There was no need for "deep national research" or reliance on special out-of-state counsel, who apparently is not licensed in Vermont, was not admitted *pro hac vice* in this case, and did not make an appearance in this case.  The need for the out of state counsel has not been demonstrated.  The fee award will be reduced to reflect a more reasonable number of hours of work related to the issues in the case.

The difficulty in arriving at that number based on the filings is that out-of-state counsel appears to have done most of the work in this case even though his work product was presented and argued orally by Vermont counsel.  The court concludes that the most reasonable way to approach the matter is to use Attorney Cornell's billed hours (41.8) as an initial benchmark and exclude those hours billed by Attorneys Cassidy and Shagam.

From that total, 3.1 hours on January 17, 2017 and 2.2 hours on March 30, 2017 will be excluded.  These hours are described as travel time and meeting time with Ms. Galloway, without separating travel from meeting time.  See Attorney Cornell's billing records (filed August 28, 2017).  It appears to be mostly travel time. The decision for the attorney to travel to the client rather than the client to the attorney is discretionary and not reasonably charged to the Plaintiff.  This reduces the total to 36.5 hours (41.8 - 3.1 - 2.2).

The court further reduces the total by 3 hours due to the many consultations between Attorney Cornell and Attorneys Cassidy and Shagam and by an additional 6 hours because this was a relatively straightforward case not presenting complex legal issues that required "deep national research."  This leaves a total of 27.5 hours (36.5 - 3 - 6) which the court will not reduce further. Defendants' counsel achieved a favorable outcome for Defendants and did so in the earliest stages of the case.

Attorney Cornell's costs of $129.60 are not approved as they relate to travel for trips for which the need is not supported. Similarly, Attorney Cassidy's costs include unexplained "delivery" charges.

In summary, Defendants are entitled to fees and costs in the amount of $8,250 (27.5 hours x $300/hour) + $41.20 = $8,291.20.

2

ORDER

For the foregoing reasons, Defendants' motion for costs and fees is granted in the amount of $8,291.20.  Attorney Cassidy shall prepare a form of judgment.

Dated at Montpelier, Vermont this 5th day of December 2017.


_____
Mary Miles Teachout
Superior Judge