*Energy & Environmental Legal Institute v. Attorney General of Vermont*, 349-6-16 Wncv (Teachout, J., July 2, 2018)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | |

**ENERGY & ENVIRONMENT LEGAL
INSTITUTE and FREE MARKET
ENVIRONMENTAL LAW CLINIC**
    **Plaintiffs**

    **v.**                                               **Docket No. 349-6-16 Wncv**

**THE ATTORNEY GENERAL OF VERMONT
and WILLIAM SORRELL**
    **Defendants**

---

**ENERGY & ENVIRONMENT LEGAL
INSTITUTE**
    **Plaintiff**

    **v.**                                               **Docket No. 558-9-16 Wncv**

**THE ATTORNEY GENERAL OF VERMONT**
    **Defendant**

---

**ENERGY & ENVIRONMENT LEGAL
INSTITUTE**
    **Plaintiff**

    **v.**                                               **Docket No. 450-8-17 Wncv**

**THE ATTORNEY GENERAL OF VERMONT
and WILLIAM SORRELL**
    **Defendants**

## DECISION
### Plaintiffs' Motions for Attorney Fees and Litigation Costs

In these three cases, Requestor Energy & Environment Legal Institute, and Free Market Environmental Law Clinic in the case docketed as No. 349-6-16 Wncv (collectively, EELI), appealed denials or functional denials of their requests for access to public records by the Office

of the Attorney General (AG), the State respondent in all three cases. Former Attorney General William Sorrell was named as a respondent in his personal capacity in two of the cases. Each of these cases is complete in the trial court at this point but for EELI's motions for awards of attorney fees and other litigation costs.[1]

In public records cases, "the court shall assess against the public agency reasonable attorney's fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 1 V.S.A. § 319(d)(1). "In calculating [a statutory] award of attorney's fees, the court looks to the 'most useful starting point,' the 'lodestar figure,' by determining the number of hours reasonably expended on the case multiplied by a reasonable hourly rate, and then adjusting that fee upward or downward based on various factors. These factors include, among others, the novelty of the legal issue, the experience of the attorney, and the results obtained in the litigation." *L'Esperance v. Benware*, 2003 VT 43, ¶ 22, 175 Vt. 292 (citations omitted). In each of these cases, the parties dispute what substantially prevailing means, whether EELI substantially prevailed, and whether its fee requests are reasonable.

The court declines to adopt or employ any formal mechanical test for determining whether a party has substantially prevailed under § 319(d)(1). In these cases, EELI pressed its records requests administratively without success. EELI then litigated each of these three cases exclusively in further pursuit of those requests. It did not raise unrelated claims, make frivolous arguments, or litigate in a dilatory or oppressive manner. It reasonably sued Mr. Sorrell personally because it sought any public records in his personal account and the State had taken the categorical position that Mr. Sorrell's private e-mail account was immune from records requests.

EELI prevailed, following the decision in *Toensing v. The Attorney General of Vermont*, 2017 VT 99, 2017 WL 4700508, at having Mr. Sorrell's personal e-mail account searched for responsive records. Otherwise, EELI clarified its requests and narrowed them as the litigation progressed. The State argues that a fee award should not reward requests that were confusing or overbroad originally. However, in these cases, to the extent that EELI clarified or narrowed any of its requests, it appears to have done so in good faith and to more closely hone the scope of its requests to the documents in which it was interested. It did not advance an overly broad request to be oppressive and it did not substitute a different request for the original one midstream.

While these cases may not have resulted in the production of a vast number of records, they strongly vindicate the legal rights of a public records requestor in relation to the state agency in possession of responsive records, both in ensuring that a reasonable search for records is undertaken and that responsive non-exempt records are produced in a timely fashion. EELI is entitled to fees and costs under § 319(d)(1).

The AG also argues that the fees requested by EELI are unreasonable insofar as EELI's

---

[1] These are separate cases that have not been consolidated pursuant to Rule 42. Due to the near identity of the parties and the similarity of the issues presented, the court is deciding the pending motions jointly in the interest of efficiency. The parties are cautioned to avoid joint filings so long as the cases are not formally consolidated.

success was too little and one of the billing rates is too big ($325/hour).[2]  The AG does not otherwise argue that the fee claims include an unreasonable number of hours or that other litigation costs are unreasonable, both of which appear to be reasonable to the court.

EELI's success was not limited in some manner that undermines the salutary purpose of a fee award.  EELI substantially prevailed in all three cases on important substantive issues. Even if the volume of documents ultimately disclosed to EELI was not large, if EELI had not incurred the legal cost to pursue them, records deemed in this litigation to be subject to public disclosure would not have been accessible to the public. As a general matter, the number of hours claimed in each case is reasonable.

The court declines to conclude, in the circumstances of these cases, that a billing rate of $325 for experienced counsel is unreasonable.  Neither party presented any expert testimony on this issue.  Both presented examples of fee awards in Vermont and drew inferences from them. A $325/hour rate in a complicated case charged by experienced counsel is within the range of reasonableness according to some of those authorities.  The court concludes that it is reasonable for purposes of these cases.  The court therefore will award the hours claimed in each case at the rates billed.  The court will not adjust the lodestar figures otherwise.

Accordingly, in No. 349-6-16 Wncv, EELI is entitled to fees and costs of $39,865, which is the original request as adjusted for two errors, $35,971.25, see Plaintiffs' Reply at 12 n.8 (filed Apr. 25, 2018), in addition to $3,893.75 for reply brief work.

In No. 558-9-16 Wncv, EELI is entitled to fees and costs of $14,513.82, which is the original request, $13,457.57, in addition to $1,056.25 for reply brief work.

In No. 450-8-17 Wncv, EELI is entitled to fees and costs of $11,381.25, which is the original request, $9,431.25, in addition to $1,950 for reply brief work.

ORDER

For the foregoing reasons, EELI's Motions for Attorney Fees and Litigation Costs are *granted* in the approved amounts set forth above.

Dated at Montpelier, Vermont this _____ day of June 2018.

_____
Mary Miles Teachout
Superior Judge

---

[2] The AG implies that the source of funds to pay EELI's fee request, the public fisc, is itself a reason to limit the award.  However, the respondents in public records cases nearly always are governmental entities.  The legislature surely was aware that the cost of implementing 1 V.S.A. § 319(d)(1) would be borne by those entities using taxpayer and other public funds.  This is not a reason to limit an otherwise reasonable request under the statute.

3