# VERMONT SUPERIOR COURT

Orange Unit

5 Court Street

Chelsea VT  05038

802-685-4610

www.vermontjudiciary.org



# CIVIL DIVISION

Case No. 24-CV-00722

---

Westwardhos LLC v. Anatoly Glass LLC et al

---

## FINAL JUDGMENT

The Court having:

☒      granted Plaintiff's motion for

☒   default judgment under V.R.C.P. 55(c)(6) following Defendant's willful failure to appear at the February 10, 2025 duly scheduled jury draw in this matter as memorialized in the Court's February 10, 2025 Entry Order.  Subsequent to the February 10th Order, Plaintiff has submitted two affidavits in conformance with V.R.C.P. 55(c)(1), which the Court has reviewed and adopted below for the final judgment.

☒      Judgment is entered for Plaintiff(s): as follows: Plaintiff was awarded possession on April 2, 2024, by Order of this Court, which became effective on or about April 24, 2024 when Defendant vacated the premises at 228A Industrial Drive, Bradford, Vermont. Plaintiff, based on the affidavit of Scott Sargent, the sole member and manager of Westwardhos, LLC, is further awarded damages based on unpaid rent and damages and repairs to the rental unit in the amount of $13,075.

Plaintiff has also filed for attorney's fees pursuant to Section 36(D) of the parties' lease, which provides that the prevailing party in an action premised on the breach of a

lease is entitled to seek reasonable attorney's fees.  The Court finds that this provision still applies despite the expiration of the original lease term based on Section 35 of the parties' lease.  This provision expressly allows a tenant to holdover and create a month-to-month tenancy after the expiration of the original lease term but subject to all terms and conditions of the original lease.  Plaintiff is also entitled to attorney's fees pursuant to 12 V.S.A. § 4854, which allows an award of reasonable attorney's fees in ejectment actions when the parties allow for such in the written terms of their lease.

In assessing the reasonableness of the fees sought, the Court looks to the number of hours that are claimed by the attorney as multiplied by the attorney's hourly rate. *L'Esperance v. Benware*, 2003 VT 43, ¶ 22.  In this case, Attorney Fink's affidavit and billing statements indicate that he is claiming 49.42 hours of time at an hourly rate of $250 for a total amount of fees of $12,355.  The Court finds the $250 per hour rate to be reasonable and consistent with what other attorneys of equivalent experience will charge for legal work in central Vermont for general civil litigation, including ejectment actions.  The Court has had multiple opportunities to review these rates in other landlord tenant cases in Orange and Caledonia Counties.

As to the number of hours spent by Attorney Fink, the Court finds that 49.42 hours to be mostly reasonable in the context of the case.  The ejectment action itself did not present any particular, novel legal issue.  It was a straightforward application of the terms of the parties' lease agreement and the Vermont ejectment statutes.  What made the present case somewhat unusual was Defendant's approach to the litigation.  As detailed in the Court's February 9, 2025 Order denying Defendant's motion for an interlocutory appeal, Defendant's litigation strategy involved challenging nearly every order issued by the Court by filing motions to reconsider, motions to stay, motions for interlocutory appeals, or other extraordinary relief.  These motions were time-consuming for Plaintiff's counsel to review and draft responses.  They represent additional resources that Plaintiff's counsel needed to expend and were driven by the Defendant and not Plaintiff's counsel.  Additionally, Plaintiff's success in this case warrants a justification for these fees as they represent a reasonable expenditure of resources to move this case forward to remove Defendant from the rental unit, and to bring its claims to a successful conclusion.

The one issue within Plaintiff's counsel's billing that the Court finds unreasonable under this standard involves the billing for status conferences on 5/21/24; 1/9/25; and 1/27/25.[1] In each case, counsel billed for four hours of time, but the Court's review shows that the actual conferences were substantially shorter. The Court understands based on the surrounding billing that these figures likely include preparation, travel time, and post-hearing conversations with the client. Notwithstanding, the Court does not find these four-hour figures to be reasonable, and the Court will reduce the allowable hours from each of these status conferences to one hour, thereby reducing the overall billable hour lodestar amount to 40.42 hours. In doing so, the Court does not find that counsel did not spend this time working on the case or the claim to the four-hour blocks to be untrue. In fact, the Court suspects based on its review of counsel's billing records and the record of this case that the four-hour billing amount is, in fact, a conservative estimate. Nevertheless, the Court is compelled to apply the concept of a lodestar to the billings to either raise or reduce amounts based on various factors. *L'Esperance*, 2003 VT 43, at ¶ 22. In this case, the twelve hours billed for the three status conferences is unreasonable and has been reduced accordingly to three hours.

Based on this analysis, the Court awards Plaintiff $10,105 in attorney's fees.

THEREFORE, it is ORDERED and ADJUDICATED that Plaintiff Westwardhos, LLC shall have judgment against Defendant Anatoly Kishinevski for possession of the rental unit at 228A Industrial Drive, Bradford, Vermont and a judgment for damages and attorney's fee in the amount of $23,180. Plaintiff is also awarded his filing fee of $295 and $474.85 in service costs under V.R.C.P. 54 for a TOTAL JUDGMENT $23,949.85.

Electronically signed on 2/26/2025 1:59 AM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge

Vermont Superior Court
Filed 02/26/25
Orange Unit

---

[1] The Court does not include the rent escrow hearings held on March 25 and 26, 2024 as the record indicates that these were longer hearings in which both parties offered evidence and testimony over the two-day period.