Filed 05/09/24

VERMONT SUPERIOR COURT
Orleans Unit
247 Main Street
Newport VT  05855
802-334-3305
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 37-2-20 Oscv

---

**U.S. Bank Trust National Association, not in its individual capacity but solely as owner for trustee for RCF 2 Aquisition Trust v. Betty Maloney**

---

## ENTRY REGARDING MOTION

Title:          Motion for Default Judgment; Motion for Attorney's Fees; Motion to Shorten Redemption Period; Motion for Foreclosure ; ; ;  (Motion: 15; 16; 17; 18)
Filer:          Sheldon M. Katz; Sheldon M. Katz; Nationstar Mortgage LLC d/b/a; Sheldon M. Katz; Sheldon M. Katz
Filed Date:     April 04, 2024; April 04, 2024; April 04, 2024; April 04, 2024

The motions are GRANTED.

The present foreclosure action was filed in February 2020. Defendant Betty Maloney was timely served on February 26, 2020. To date, Defendant has not entered an answer, notice of appearance, or any filing that seeks to assert her available defenses or interests in the present action.

Plaintiff U.S. Bank Trust, N.A. as Trustee for RCF 2Aquisition Trust presently seeks a default judgment under V.R.C.P. 55 and 80.1 based on the lack of any responsive filing from Defendant. In reviewing the complaint, motion, supporting affidavits, and exhibits, the Court finds that Plaintiff has established its prima facie burden as follows. Plaintiff has established that it is the holder and owner of the note and mortgage concerning the property at 1016 4H Road, Derby, Vermont.  Plaintiff has established that Defendant is in default of the note and mortgage, and that by the terms of the documents, Plaintiff is entitled to recover judgment against Defendant by foreclosing on Defendant's interests in the Property. Plaintiff has also established, as required under V.R.C.P. 80.1 that Defendant is not a minor and not currently serving in the armed forces that might exempt her from judgment.

The Court finds that the amounts sought by Plaintiff in its affidavit of amounts owning are reasonable given the four year that this matter has been pending and supported by the

testimony of the affiant, Debbie Benzley, and they are allowed. The Court finds that Plaintitff is only entitled to its fixed flat fee of $3,545 as the itemized hearing and motion charges are beyond the reasonable lodestar of attorney's fees for a foreclosure. *L'Esperance v. Benware*, 2003 VT 43, ¶¶ 22, 28. The Court will allow the costs of $683.48 as stated in Attorney Sheldon Katz's affidavit..

The Court will allow Foreclosure by sale under 12 V.S.A. § 4945(a) based on Plaintiff's representation that there is sufficient equity in in the property to warrant a judicial sale.

Finally, the Court finds sufficient evidence to support Plaintiff's contention that the Property is unoccupied and not the primary residence of Defendant or anyone else, and therefore, Plaintiff is entitled to a shortened period of redemption.

## ORDER

Based on the foregoing, Plaintiff's Motion for Default Judgment is **Granted**. Plaintiff's Motion for a Clerk's Accounting is also **Granted**. The Court Clerk shall prepare a Clerk's Accounting based on the amounts stated in Plaintiff's Affidavit of Amounts Owing and Affidavit ofAttorney's Fees, except as not allowed under this Decision. The Court **Grants** Plaintiff's motion for foreclosure by sale under 12 V.S.A. § 4945(a). The Court also **Grants** Plaintiff's Motion to Shorten the Redemption Period as allowed under 12 V.S.A. § 4946. The period of redemption shall be reduced to 30 days. Following the entry of the Clerk's Accounting, Plaintiff shall prepare a Judgment Order and Decree of Foreclosure and Judicial Sale for the Court to review and adopt.

Electronically signed on 5/9/2024 11:11 AM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge

37-2-20 Oscv U.S. Bank Trust National Association, not in its individual capacity but solely as owner for trustee for RCF 2 Aquisition Trust v. Betty Maloney