Vermont Superior Court
Filed 10/27/25
Washington Unit

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-03353

---

**Metropolitan Life Insurance Company v. David Clark**

---

## ENTRY REGARDING MOTION

Title:          Motion for Default Judgment; Motion for Attorney's Fees; Motion for Foreclosure; Motion for Clerk's Accounting ; & Costs; by Sale;  (Motion: 1; 2; 3; 4)
Filer:          Joseph C. Galanes; Joseph C. Galanes; Joseph C. Galanes; Joseph C. Galanes
Filed Date:     October 22, 2025; October 22, 2025; October 22, 2025; October 22, 2025

The motion is GRANTED.

The present foreclosure action was filed on August 6, 2025. Defendant David Clark was timely served on August 21, 2025. To date, Defendant has not entered an answer, notice of appearance, or any filing that seeks to assert her available defenses or interests in the present action.

Plaintiff Metropolitan Life Insurance Company presently seeks a default judgment under V.R.C.P. 55 and 80.1 based on the lack of any responsive filing from Defendant. In reviewing the complaint, motion, supporting affidavits, and exhibits, the Court finds that Plaintiff has established its prima facie burden as follows. Plaintiff has established that it is the holder and owner of the note and mortgage concerning the property at 2216 Foster Hill Road, Woodbury, Vermont.  Plaintiff has established that Defendant is in default of the note and mortgage, and that by the terms of the documents, Plaintiff is entitled to recover judgment against Defendant by foreclosing on Defendant's interests in the Property. Plaintiff has also established, as required under V.R.C.P. 80.1 that Defendant is not a minor and not currently serving in the armed forces that might exempt her from judgment.

The Court finds that the amounts sought by Plaintiff in its affidavit of amounts owning are reasonable and supported by the testimony of the affiant, Michael Garza, and they are allowed, except for $3,914, which as detailed in Exhibit D, constitute attorneys' fees that should have been addressed in the attorney's fees affidavit   and which cannot be included outside of the

flat fee, and therefore is not allowed. The Court finds that Plaintiff is entitled to its fixed flat fee of $2,905 consistent with the reasonable lodestar of attorney's fees for a foreclosure. *L'Esperance v. Benware*, 2003 VT 43, ¶¶ 22, 28. The Court will allow the costs of $592.93 as stated in Attorney Joseph Galanes' affidavit.

The Court will allow Foreclosure by sale under 12 V.S.A. § 4945(a) based on Plaintiff's representation that there is sufficient equity in in the property to warrant a judicial sale.

## **ORDER**

Based on the foregoing, Plaintiff's Motion for Default Judgment is **Granted**. Plaintiff's Motion for a Clerk's Accounting is also **Granted**. The Court Clerk shall prepare a Clerk's Accounting based on the amounts stated in Plaintiff's Affidavit of Amounts Owing minus the $3,914 not allowed above, and the Affidavit of Attorney's Fees. The Court **Grants** Plaintiff's motion for foreclosure by sale under 12 V.S.A. § 4945(a). Following the entry of the Clerk's Accounting, Plaintiff shall prepare a Judgment Order and Decree of Foreclosure and Judicial Sale for the Court to review and adopt.

Electronically signed on 10/27/2025 8:29 AM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge