18-729-cv
Brennan-Centrella v. RitzCraft Corp. of Pa.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 5th day of November, two thousand nineteen.

Present:     AMALYA L. KEARSE,
             RALPH K. WINTER,
             ROSEMARY S. POOLER,
                    *Circuit Judges*.

_____

MARY BRENNAN-CENTRELLA, CARMINE CENTRELLA,

            *Plaintiffs-Counter-Defendants-Appellees-Cross-Appellants*,

            v.                                              18-729-cv

RITZ-CRAFT CORPORATION OF PENNSYLVANIA,

            *Defendant-Cross-Claimant-Appellant-Cross-Appellee*.[1]

_____

Appearing for Appellant:     Stephanie E. DiVittore, Barley Snyder LLP (Matthew S. Borick, Downs Rachlin Martin PLLC, *on the brief*), Harrisburg, PA.

Appearing for Appellees:     Joshua L. Simonds, The Burlington Law Practice, PLLC (Kathryn G. Kent, Lewis Kent, LLP, *on the brief*), Burlington, VT.

Appeal from the United States District Court for the District of Vermont (Conroy, *M.J.*).

---

[1] The Clerk of Court is directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of said District Court be and they hereby are **AFFIRMED**.

Ritz-Craft Corporation of Pennsylvania ("Ritz-Craft") appeals from a judgment after a jury trial entered on April 20, 2018, finding that Ritz-Craft violated the Vermont Consumer Protection Act ("VCPA") by making material misrepresentations to Mary Brennan-Centrella and Carmine Centrella regarding their purchase of a Ritz-Craft modular home. Ritz-Craft also appeals from the February 12, 2018, order of the District Court for the District of Vermont (Conroy, *M.J.*) denying Ritz-Craft's motion for judgment as a matter of law on the Centrellas' VCPA claim. The Centrellas cross-appeal the February 12, 2018, order of the district court denying their motion for prejudgment interest and the district court's oral order granting Ritz-Craft judgment as a matter of law as to their claim for exemplary damages. We address by separate opinion the Centrellas' cross-appeal of the district court's decision on prejudgment interest. The factual background of this case is described more fully in our companion opinion. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Mary Brennan-Centrella and Carmine Centrella purchased a Ritz-Craft modular home from Mountain View, a Ritz-Craft–affiliated builder, to be built in Isle La Motte, Vermont. Prior to making a purchase, the Centrellas reviewed online materials regarding Ritz-Craft homes and took a tour of the Ritz-Craft factory where modular units were manufactured. The Centrellas testified that they concluded based on Ritz-Craft's representations that Ritz-Craft sold modular homes that would meet Vermont energy code and that Ritz-Craft would be involved in the entire process of constructing their modular home. Despite these impressions, after construction was finished, the Centrellas' home was riddled with problems. By way of example, if one turned on the heat downstairs, the upstairs of the home would be heated instead; water leaked onto the upstairs floor and down to the first floor; plumbing inspections revealed code violations in the plumbing and heating systems, as well as elevated carbon monoxide levels; the pipes in the upstairs level froze; and the insulation work was not properly completed. The Centrellas filed suit against Ritz-Craft and Mountain View.

I.  Motion for Judgment as a Matter of Law on the Centrellas' VCPA Claims

Ritz-Craft first argues that the district court erred by denying its motion for judgment as a matter of law on the Centrellas' VCPA claims. We review a motion for judgment as a matter of law under the same standards as the district court and will grant such a motion only if "(1) there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise or conjecture, or (2) there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded persons could not arrive at a verdict against it." *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 289 (2d Cir. 1998) (alterations omitted) (internal quotation marks omitted).

For the Centrellas' VCPA claims to survive a motion for judgment as a matter of law, the evidence at trial must have allowed the jury to reasonably infer that "(1) there was a representation, practice, or omission by [Ritz-Craft] that was likely to mislead consumers; (2)

2

[the Centrellas] interpreted the message reasonably under the circumstances; and (3) the misleading effects were material, meaning that the conduct influenced [the Centrellas'] conduct regarding the transaction." *Ianelli v. U.S. Bank*, 187 Vt. 644, 646 (2010).[2] Under this standard, Ritz-Craft's argument that the Centrellas knew that Mountain View would complete construction of the home and therefore that the Centrellas did not reasonably rely on Ritz-Craft's representations that the home would be energy efficient fails. The Centrellas' interpretations of Ritz-Craft's representations were reasonable. Mary Brennan-Centrella testified at trial that on the Ritz-Craft tour, a Ritz-Craft representative explained to her "that whatever [she] purchased from [Ritz-Craft] was going to have to meet Vermont building codes. So this would be okay." App'x at 52. This and other representations that Ritz-Craft published on its affiliated builders' websites reasonably indicated that Ritz-Craft's homes would meet Vermont energy code. We therefore cannot conclude that there is "a complete absence of evidence supporting the verdict," and we affirm the district court's denial of Ritz-Craft's motion for judgment as a matter of law on the Centrellas' VCPA claims. *Galdieri-Ambrosini*, 136 F.3d at 289 (internal quotation marks omitted).

II. Request for Special Interrogatories

Ritz-Craft next argues that the district court erred by not requiring the jury to answer special interrogatories regarding whether it found Ritz-Craft liable for making each of the individual misrepresentations that the Centrellas alleged. We review challenges to jury instructions de novo, cognizant that "[a] jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." *Chauca v. Abraham*, 841 F.3d 86, 89 (2d Cir. 2016) (internal quotation marks omitted). Ritz-Craft principally argues that the jury should have been required to answer special interrogatories because the Vermont Supreme Court requires a "clear finding of a violation" of the VCPA in order for a defendant to be liable. *Gregory v. Poulin Auto Sales, Inc.*, 188 Vt. 619, 623 (2010). In making that edict, however, the Vermont Supreme Court was merely stating that a finding of liability under the VCPA requires something more than a trial court's declaration that "remedy under consumer fraud law is well-established." *Id.* (internal quotation marks omitted). Nothing in *Gregory*, which does not so much as mention jury instructions, can be read to require a jury to apply the heightened burden for liability that Ritz-Craft proposes or to answer special interrogatories on VCPA claims. Ritz-Craft's argument lacks any solid legal support.

Ritz-Craft's supporting argument that we should require the jury to answer special interrogatories because the jury's verdict has the potential to be inconsistent is similarly unavailing. It is clearly established in the Second Circuit that "the court must adopt a view of the case, if there is one, that resolves any seeming inconsistency" and "must make every attempt to reconcile the jury's findings, by exegesis if necessary." *Turley v. Police Dep't of N.Y.*, 167 F.3d 757, 760 (2d Cir. 1999) (internal quotation marks omitted). The law thus does not entitle Ritz-Craft to relief on the ground that the jury verdict is not consistent, so long as the Court can adopt a view of the jury verdict that renders it consistent. Ritz-Craft has conceded that such a construction exists.

---

[2] *Ianelli* refers to the Vermont Consumer Fraud Act, the name by which the Vermont Consumer Protection Act was known as until 2012. *McKinstry v. Fecteau Residential Homes, Inc.*, 200 Vt. 392, 394 n.1 (2015).

III. Expert James Bradley's Testimony

Ritz-Craft argues that the district court erred by permitting the Centrellas' expert, James Bradley, to testify regarding an opinion that Bradley did not include in his expert report. The district court responded to Bradley's undisclosed testimony by permitting Ritz-Craft to cross-examine Bradley on his undisclosed testimony and allowing Ritz-Craft's expert to rebut Bradley's undisclosed testimony.

Federal Rule of Civil Procedure 37 permits the court to sanction a party that fails to make the disclosures that Federal Rule of Civil Procedure 26 requires. Fed. R. Civ. P. 37(c)(1). "A district court has wide discretion to impose sanctions, including severe sanctions, under Federal Rule of Civil Procedure 37, and its ruling will be reversed only if it constitutes an abuse of discretion." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 294 (2d Cir. 2006). We consider four factors to determine whether the district court's Rule 37 sanctions in this case were an abuse of discretion: "(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony . . . ; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (alteration omitted) (internal quotation marks omitted). The Centrellas have not offered any explanation for their failure to disclose Bradley's opinion prior to his testimony, and the testimony, an expert's opinion that Ritz-Craft modular homes could not meet Vermont energy code because of a design flaw, was certainly important to the case. These factors support a strong sanction. However, Ritz-Craft agrees in its brief on appeal that the trial court's "effort[] in permitting Ritz-Craft's experts to testify on this issue was sufficient to cure any error," Appellant's Br. at 30, and there is no indication that Ritz-Craft sought a continuance to meet the testimony. Given these considerations, the district court acted within its substantial discretion by permitting Ritz-Craft to cross-examine Bradley on his undisclosed testimony and permitting Ritz-Craft's expert to offer an opinion in response.

IV. The Jury Charge

Ritz-Craft's final argument is that the district court's jury charge prejudiced Ritz-Craft because it included an overview of the Centrellas' factual allegations against Ritz-Craft and failed to state that the Centrellas still had claims pending against Mountain View. "[W]e review a properly preserved claim of error regarding jury instructions *de novo*, reversing only where, viewing the charge as a whole, there was a prejudicial error." *United States v. Coplan*, 703 F.3d 46, 87 (2d Cir. 2012) (internal quotation marks omitted). We will find a jury instruction "erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law," *Anderson v. Branen*, 17 F.3d 552, 556 (2d Cir. 1994), or if the charge, when viewed as a whole, is not "fair to both sides," *Coplan*, 703 F.3d at 87 (internal quotation marks omitted). "A defendant challenging a district court's refusal to give a requested jury instruction carries the heavy burden of showing that his proposed charge accurately represented the law in every respect, and that the charge actually given, viewed as a whole, prejudiced him." *Id.* (alterations omitted) (internal quotation marks omitted).

4

With respect to Ritz-Craft's first challenge regarding the district court's overview of the Centrellas' factual allegations, the jury instructions viewed as a whole were not unfair to Ritz-Craft because the jury charge also included an overview of Ritz-Craft's defenses. With respect to Ritz-Craft's second challenge regarding the instructions related to Mountain View, Ritz-Craft has failed to meet its burden of demonstrating that the proposed charge prejudiced it when viewed as a whole. *See id.* The instruction appropriately informed the jury that the trial before it would not resolve all claims in the dispute, and no further detail on the nature of the claims against Mountain View was necessary for the jury to understand the legal elements of the Centrellas' claims against Ritz-Craft. Ritz-Craft therefore has not identified any error in the district court's jury charge.

V. Judgment as a Matter of Law on the Centrellas' Claim for Exemplary Damages

The Centrellas argue that the district court erred by granting Ritz-Craft judgment as a matter of law on their claim for exemplary damages. The Centrellas contend that Ritz-Craft recklessly disregarded the interests of consumers and that a jury could conclude that the need to deter Ritz-Craft's conduct justifies an award of exemplary damages. As interpreted by the Vermont Supreme Court, Vermont's consumer protection "statute requires an award of exemplary damages only where malice, ill will, or wanton conduct is demonstrated." *Bruntaeger v. Zeller*, 147 Vt. 247, 252 (1986); *cf. Fly Fish Vt., Inc. v. Chapin Hill Estates, Inc.*, 187 Vt. 541, 553 (2010) (noting that a claim for punitive damages for "reckless or wanton misconduct requires evidence that the defendant acted, or failed to act, in conscious and deliberate disregard of a known, substantial and intolerable risk of harm to the plaintiff, with the knowledge that the acts or omissions were substantially certain to result in the threatened harm"); *id.* at 550 ("Vermont courts have used 'reckless' language, but seem to require bad motive on top of the intentional tort," and as the Vermont Supreme Court has held, "malice not only seems, but *is*, necessary to prevail on a punitive claim." (internal quotation marks omitted)). Even if we were to credit the Centrellas' argument that Ritz-Craft recklessly disregarded consumers' interests, the Centrellas do not argue that Ritz-Craft had a "bad motive" in making its representations. *Fly Fish*, 187 Vt. at 549 (internal quotation marks omitted). Nor can the Centrellas' claim for exemplary damages survive based on the public's interest in deterrence: the Vermont Supreme Court has held that "public interest in deterrence is no substitute for the predicates of malice and outrageously reprehensible conduct necessary to a private action for exemplary damages." *Id.* at 556. The Centrellas' claim for exemplary damages fails as a matter of law.

We have considered the remainder of the parties' arguments and find them to be without merit. Accordingly, the order and judgment of the district court, other than the district court's order on prejudgment interest, hereby are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5